CHARLEY GAGE *v.* ILLINOIS CENTRAL RAILROAD COMPANY.

1. RAILROADS. *Infant passenger. Conductor's promise.*

   A railroad conductor's promise to look after a seven-year-old boy, and to request the succeeding conductor to do so, does not bind the company.

2. SAME. *Inquiry for infant. Answer of conductor.*

   A negative answer by a railroad conductor, when asked by one interested, at a station where the train had stopped, if he had a seven-year-old boy on the train, does not render the company liable for damages, although the boy be on the train and be carried beyond such station, which was his destination.

FROM the circuit court of Holmes county.

HON. W. F. STEVENS, Judge.

The facts are stated in the opinion of the court.

*Noel & Pepper*, for appellant.

Where a railroad company voluntarily accepts a passenger whose physical disability is apparent or made known to the employes, rendering special assistance necessary, the railroad company is negligent if such assistance is not rendered.    2 Am. & Eng. Enc. L., 767, and authorities there cited.

If a carrier of persons receives an infant passenger, without any guardian, he should give him the care and attention required by his age, and cannot object, when injuries happen to him, that it was negligence in those responsible for his care in permitting him to move about by himself.    Cooly on Torts, 825, note 2.

The obligations of a carrier to assist passengers in getting on and off depends largely on the nature of the vehicle, the facility with which access may be had without assistance, and similar circumstances.    *Whitfield's case*, 44 Miss., 485.

*Mayes & Harris*, for the appellees.

The sole question in this case is whether the railroad company is to be made responsible for the act of the conductor—whether the conductor was acting as the agent for the railroad company, or as agent for the little boy, or the agent of the uncle of the little boy, in what he undertook to do. So far as the contract made for the company was concerned, there is no question that it was fulfilled. The proof shows that the boy was transported safely and expeditiously to the town of Pickens, and the train stopped at Pickens, and an opportunity was afforded him to get off.

The little boy himself states in his testimony that he heard stations called out, but did not remember them. There is no proof, or attempt to prove, on the part of plaintiff, that the station of Pickens was not called. It is proved distinctly that the train stopped there, and the father of the little boy had a conversation with the conductor.

We think this case is clearly within the principle announced in *Sevier* v. *Railroad Co.*, 61 Miss., 8, and is not at all within *Weightman* v. *Railway Co.*, decided in 70 Miss., 563.

CALHOON, Special J., delivered the opinion of the court.

Plaintiff, seven years old, was visiting his uncle, who lived near Montgomery station, on the Illinois Central Railroad, his home being at Pickens station, on the same road. His uncle bought him a half-fare ticket to Pickens station, told the conductor the boy was traveling alone, asked him to look after him, and to be sure to tell the conductor who was to take charge of the train at Canton that the boy was traveling alone, and he promised to do so. The witness to these facts also says: "The agent at Montgomery knew the boy was traveling alone, and I know of no other passenger who was traveling from Montgomery to Pickens on that day." When the train reached Pickens the boy's father, who was at the depot for him, asked the conductor if he had a little boy on the train for Pickens,

when the conductor asked how old he was, and the father answered seven, and he said no. But the boy was on the train, and it carried him on to Sardis, where he was well taken care of and returned to Pickens that night. The court gave a peremptory instruction for the railroad company. There was no understanding with the ticket agent that the boy should be, or needed to be, especially looked after by the railroad company. He simply knew, at most, that he was traveling alone, as many boys of that age are fully competent to do. The duty of the company extended no further than to safely transport. The courteous promise of the conductor to look after the boy, and to request his successor at Canton to do so, which he doubtless forgot to do, did not bind the company. The answer of the succeeding conductor could not involve the company in damages. It must be presumed he did not remember a boy on his train looking to be seven years old. Unless, by previous contract with the company, he was under no duty to see that the boy was put off. The company's duty ended when the station was called out, as we must presume was done in the absence of proof to the contrary. This case bears no analogy to that of *Weightman* v. *Railway Co.*, 70 Miss., 563, as will appear on slight examination.

*Affirmed.*