SOUTHERN RAILWAY COMPANY *v.* HUMPHRIES & BRISTER.

RAILROADS.  *Physician.  Trainmaster.  Employment.*

A railroad company whose employe has sustained serious injuries in its service and needs immediate surgical attention, becomes liable to the amount of the stipulated charge of a physician who renders to him professional services on the employment of a trainmaster, who is shown to have been acting at the time as division superintendent, and as such to be authorized to employ a physician in cases of emergency, notwithstanding the fact that the company has surgeons in its employ elsewhere on its line who are not within call.

FROM the circuit court of Leflore county.

HON. FRANK E. LARKIN, Judge.

Humphries & Brister, appellants, were plaintiffs in the court below; the railway company, appellee, was defendant there. The opinion states the facts.

*Catchings & Catchings,* for appellant.

It is well settled that the employment of a physician or surgeon is not ordinarily within the scope of the authority of a subordinate agent or employe, though there may be extreme cases giving authority to employ one.  The roadmaster has no such authority.  *Louisville R. R. Co.* v. *McKay,* 98 Ind., 391.  Nor has a section foreman.  *Tucker* v. *St. Louis R R. Co.,* 54 Mo., 177.  Nor has a yard master.  *Marquette R. R. Co.* v. *Taft,* 28 Mich., 289.  Nor has a station master.  *Cox* v. *Midland R. R. Co.,* 3 Each., 268.  Nor has a company's solicitor.  *St. Louis, A. & T. R. R.* v. *Hoover,* 53 Ark., 377.

Nor a company's surgeon. *Mayberry* v. *Chicago R. R. Co.,* 75 Mo., 492; *Terre Haute R. R. Co.,* v. *Brown,* 107 Ind., 336. Nor a company's engineer. *Cooper* v. *N. Y. Central R. R Co.,* 13 N. Y. Sup. Ct., 276. Nor a conductor. *St. Louis R. R. Co.* v. *Hoover,* 53 Ark., 377.

An emergency calling for immediate action in order to save life, or prevent suffering, may be sufficient to confer authority upon a subordinate to employ necessary surgical aid, if he is the highest representative of the company on the ground. *Terre Haute R. R. Co.* v. *McMurray,* 98 Ind., 358.

There may be cases of immediate urgency, when the agent may cause to be rendered those imperative services which the dictates of justice and humanity would indicate to the servant injured, and to take such measure as would prevent needless suffering and loss of life. *Marquette R. R. Co.* v. *Taft,* 28 Mich., 289.

The authority of a subordinate agent, however, arises only with the emergency which makes it necessary for him to possess it, and ends with such emergency. *Louisville R. R. Co.* v. *Smith,* 121 Ind., 353.

And neither a conductor, a road master, a section agent, a station agent, nor the company's physician, can bind it by a contract for nursing and care bestowed on an employe during a protracted illness. *Indianapolis R. R. Co.* v. *Norris,* 67 Ill., 295; *Louisville R. R. Co.* v. *Smith,* 121 Ind., 353; *Louisville R. R. Co.* v. *McVay,* 98 Ind., 391; *Atlantic R. R. Co.* v. *Reisner,* 18 Kan., 458; *Mayberry* v. *Chicago R. R. Co.,* 75 Mo., 492.

In the case of officers and superior agents having general authority to enter into such contracts for the company, authority to procure care and medical attendance of an injured employe has been held to be incident to such general authority. Accordingly, it has been held that the general manager, or the general superintendent, or the assistant superintendent, having general supervising authority over the interests of the railroad company, possesses authority to make such contracts on behalf of the

company.   *Atlantic R. R. Co.* v. *Reisner,* 18 Kan., 458; *Louis-ville R. R. Co.* v. *McVay,* 98 Ind., 391; *Cincinnati R. R. Co.* v. *Davis,* 126 Ind., 99; *Terre Haute R. R. Co.* v. *Stockwell,* 118 Ind., 98; *Atchison R. R. Co.* v. *Reecher,* 24 Kan., 228; *Cairo Co.* v. *Mahoney,* 82 Ill., 73; *Bigham* v. *Chicago R. R. Co.,* 79 Iowa, 354.

We respectfully submit that a train master is not such a general officer as any of those above described, and that, in the absence of proof that he had the power of a general officer in this regard, the plaintiffs below were not entitled to recover. The only testimony as to his authority is that of Mr. Dunn, who said: "He has control of the handling of the trains, and of employes of trains, except engineers and firemen," and also that he employed operators.

We respectfully insist that the testimony does not show that the train master had any authority to make any contract at all for the employment of a surgeon.   If he had authority, under any circumstances, it would only be in cases where there was a great emergency, and where he was the highest repre-sentative of the company on the ground.   See *Brown* v. *Mo. R. R. Co.,* 67 Mo., 122, holding that a division superintendent would not be presumed to have power to bind the company for a small bill of drugs furnished a woman who had been hurt by the locomotive or cars of the company.   The court said: "No proof was offered as to the duties of such officer, and the court cannot take judicial notice of them."

*Gwin & Mounger,* for appellee.

The action of the court in giving the peremptory instruction was proper.   The order for Dr. Humphries to attend the wound-ed employe of the road was sent by the train master, who per-formed the duties of a division superintendent of the road, and had full authority to contract for this service by the physician. Relying upon this order, and accepting the employment upon the terms expressed in the order, the services were performed.

The testimony of Dunn, who is familiar with the rules and customs of the railroad, shows that the train master had this authority. A division superintendent of a railway company has authority to employ a physician to attend a passenger or employe injured by the trains of the company. 20 L. R. A., 696, note. And this is true, although the company may have a general surgeon, or other officer, whose duty it is to employ surgeons to give professional attention to persons injured by its trains. *C., L., St. L. & C. R. R. Co.* v. *Davis,* 9 L. R. A., 503. A depot or station agent, or a conductor of a train, have this power to employ when they are the highest in authority on the scene. 20 L. R. A., 695, note. See cases cited in Am. & Eng. R. R. Cases, Digest, 732.

TERRAL, J., delivered the opinion of the court.

This is a suit by Drs. Brister & Humphries, physicians and surgeons, against the Southern Railway Company, in Mississippi, for services to Asbery Crosby, an employe of said company. On October 30, 1900, Crosby, an employe of the company, while engaged in its service, was run over by one of its trains, and was seriously, and, as it soon proved, fatally, injured. The injury happened at or near Greenwood, Miss., and Crosby, being in Greenwood, De Hart, the company's station agent there, sent a call to Dr. Humphries, whose services in like cases the company had before refused to compensate; and he informed De Hart that he would attend the injured employe if De Hart would be responsible for the fee. De Hart asked him to wait a little, and, as we infer, placed the case before the train master, Francis, who wired Dr. Humphries to take charge of the case for the fee of $100, unless he was appointed the company's surgeon. Dr. Humphries attended the wounded man, gave him all necessary medical attention, and procured and paid for other necessary care and nursing of him, and after a few hours the patient died. The company, not having engaged Dr. Humphries as one of its surgeons, he brought suit for the agreed

fee of $100, and recovered a judgment therefor, and from the judgment the company appeals.

The record discloses that plaintiffs below proved their contract with Francis for the payment of the fee of $100, their performance of their part of the contract, and the breach by the defendant. They also proved by Mr. Dunn, a former employe of the defendant, that he knew Francis, the train master, and that he had authority in emergencies to employ a surgeon temporarily, and that Francis also acted under the superintendent, and performed the duties of local superintendent. This evidence was not objected to or controverted. So far as we can gather from the record, De Hart was the only officer of the company immediately on the spot. He evidently referred the matter to Francis, who, we must presume, was the next officer of authority within reach, and who had the means of knowing all that De Hart knew about the case, as Crosby was in the room of the depot, and with him the contract was made for the company. The company had surgeons in its employ, but they were not in call. From that fact we infer the company recognized its duty to employes injured in its service. Now, it is admitted that Francis might, perhaps, employ a surgeon in an emergency; and Crosby was desperately wounded, and had lain some hours without surgical aid, and no emergency to him to have a surgeon could be greater. We incline to the view that, under the circumstances of this case, and upon the evidence contained in the record, Francis had authority to bind the company, and the contract made was valid and enforceable. In *Railroad Co.* v. *Thomas,* 19 Kan., 256 (20 L. R. A., 696), note, it was held that a division superintendent will be presumed to have authority to employ a physician to attend an employe who has been injured while in the service of the company. Whether Francis, as train master, had authority to contract with Dr. Humphries as he did, we are not here called to decide; but, inasmuch as at the time he was in the exercise of the functions of a division, or local, superintendent over that part of

the road, we think it may be presumed that he had the power to so contract. Moreover, Dunn testified that Francis had such authority, and his testimony is not controverted or denied. This evidence, of itself, was sufficient to support the verdict.

*Affirmed.*