CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MISSISSIPPI

AT THE

## OCTOBER TERM, 1917

SOUTHERN SCHOOL BOOK DEPOSITORY *v.* DONALD, ET AL.

[76 South. 519, Division A.]

ACTION ON ACCOUNT. *Pleading. Amendment during trial. When proper.*

Where in a suit upon an open account objection was made that one part of the account was not itemized it was reversible error for the court not to allow the plaintiff to amend the account so as to properly itemize the same.

APPEAL from the circuit court of Tallahatchie county. HON. D. E. DINKINS, Judge.

Suit by the Southern School Book Depository against J. L. Donald and others. From a judgment for defendants, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Fred M. West,* for appellant.

It is the settled law of this state that, on appeal from a justice of the peace court to circuit court a trial *de novo* shall be had, so that the merits of the case may be fully shown. Code 1906. section 86; Code 1906, section 775; *Russell. Admn,* v. *Moore,* 8. S. & M. 700; *Stier* v. *Surget,* 10 S. & M. 154; *Porter* v. *Fooshee,* 41 Miss. 337; *McCleary* v. *Anthony,* 54 Miss. 708; *Callahan* v. *Newell et al.,* 61 Miss. 437; *Boisseau & Martenez* v. *Kahn,* 62 Miss. 757;

(465)

*Dreyfus & Weil* v. *Mayer & Co.,* 69 Miss. 282; *Mitchell* v. *McDavitt,* 70 Miss. 609; *Cazeneuve* v. *Martinez,* 28 So. 788; *Bowles* v. *Dean,* 84 Miss. 376; *Redux* v. *Bambre,* 85 Miss. 165; *Helton* v. *McLeod et al.,* 46 So. 534; *McCarthy* v. *Key,* 39 So. 780; *Kelly* v. *Casualty Co.,* 40 So. 1; *First Nat. Bank* v. *Fain Gro. Co.,* 40 So. 6; *McCue* v. *Massey,* 43 So. 2; *Jones* v. *Clemmer,* 54 So. 4; *Greenwood Groc. Co.* v. *Bennett et al.,* 58 So. 482; *Same case,* 101 Miss. 573; *Grace* v. *Lloyd,* 104 Miss. 613.

We believe that a further search would disclose still further authorities, but we believe the above are sufficient.

It is certainly the law of this state that amendments in the circuit court are to be liberally allowed so that the merits of the case may be presented to the court and jury; and, we, respectfully submit that the action of the learned trial court in not permitting appellant to amend, was contrary to law and justice, and was in the face of the statutes and decisions of the legislative body and the highest court in the State.

*A. A. Hearst,* for appellee.

There is only one question presented on this appeal for the court's determination, viz; whether it was reversible error for the circuit court to refuse to allow the plaintiff to amend its statement of its cause of action as it sought to do at the trial in the circuit court.

In justification of the court's not allowing the amendment, we make the following observations: First, it was a matter resting entirely within the trial judge's discretion as to whether the amendment should be allowed, and his ruling in disallowing the amendment was not an abuse of that discretion. Section 775, Code 1906, gave the trial court power to allow the amendment, but left it in the court's discretion as to whether he would allow the

amendment, and whether the court allowed or did not allow the amendment would not be reversible error. The case was being tried in the circuit court and the plaintiff was offering its evidence when leave to amend was asked, and after it had been tried in the justice court and, after the plaintiff had already had every oportunity to make any amendment it desired. Hence we submit that it was left to the discretion of the trial judge whether the amendment should be allowed, and the disallowance of the amendment was no abuse of that discretion and was not reversible error.

Second, the original statement of plaintiff's cause of action was not a sufficient statement of his cause of action as to be amendable. It was no cause of action at all. It was nothing. It was merely an insufficient statement of a cause of action; it was no statement at all. It was merely a statement of "merchandise" which meant nothing. So we insist that it was not sufficient to permit of an amendment. Before the plaintiff could be permitted to amend his statement of cause of action, he ought to have had some sort of a statement of his cause of action.

Third, the amendment which the plaintiff sought to make would not have helped the matter. If the amendment had been allowed, his statement of his cause of action would still have been insufficient. The plaintiff did not ask to be permitted to amend his statement by filing an itemised statement of the account, but asked to file the invoices of the account. Certainly these invoices would not have been sufficient. The only amendment which could have helped the matter would have been to file an itemised statement of the account sued on. This was not asked for by the plaintiff. So if the amendment had been allowed the plaintiff's statement of its cause of action would still have been insufficient.

SMITH, C. J., Delivered the opinion of the court.

The Southern Schoolbook Depository seems to be a partnership composed of Burgess Smith and Victor R. Smith, doing business at Jackson, Miss., as a state schoolbook depository, under chapter 219, Laws of 1910. It designated the Tutwiler Drug Company as its agent for the distribution of schoolbooks at Tutwiler, Miss., and this suit is to recover the value of schoolbooks delivered to that company for distribution under its contract with appellant, for the faithful performance of which it had executed to appellant a bond, on which appellees are sureties. The account sued on consists of seven items, of which the first is as follows:

"Sept. 14. Mdse........$27.07."

—and the others are of like character, varying only as to the date and the value of the merchandise sold.

On objection being made at the trial by appellees that this was not a sufficient statement of the account sued on, appellant offered to amend by attaching thereto copies of the invoices of books delivered, thereby setting forth in detail each item of the account sued on. This the court declined to permit it to do, and on motion of appellees excluded appellant's evidence, and instructed the jury to return a verdict for appellees. This the jury did, and there was a judgment accordingly. The amendment should have been permitted.

*Reversed and remanded.*