## W. M. FINCK & CO. *v.* BREWER *et al.*

(Division B. May 21, 1923.)

[96 South. 402. No. 23003.]

1. ACCOUNT, ACTION ON. . *Elements of open account, sufficient to sustain suit, stated; "account."*

   In a suit upon an open account, where this account is attached to the declaration as provided by section 517, Hemingway's Code (section 734, Code 1906), and where the account is sworn to in accordance with section 1638, Hemingway's Code (section 1978, Code 1906), this account must be an itemized account. It must show the dates of purchase, the kind of goods, the quantity, and the price, otherwise neither of these statutes is complied with.

2. CORPORATIONS. *Treasurer may make oath to open account within statute.*

   The treasurer of a corporation is such an agent as may make oath to an open account, as provided by section 731, Hemingway's Code (section 1011, Code 1906), which provides for the oath or affirmation by an agent or attorney.

APPEAL from circuit court of Coahoma county.

HON. W. A. ALCORN, JR., Judge.

Action by W. M. Finck & Co. against Earl Brewer and John Cleary. Judgment for defendants, and plaintiff appeals. Affirmed.

*Maynard, Fitzgerald, & Venable,* for appellant.

It is so palpably plain that this case should not have been taken from the jury by the judge that after going over the record we cannot find a single reason upon which such action of the court could be founded. The question of whether or not the goods were ordered by the firm of Brewer & Cleary is completely settled by Mr. Cleary's acknowledgment and identification of the different orders for the goods as charged on the itemized bill. That

the goods were received by the firm of Brewer & Cleary is absolutely established both by the original bills of lading, which were wrongfully excluded by the court, and by the testimony of the agent at Jonestown, Mississippi, who swore to the signature of J. L. Leonard, driver or porter for Brewer & Cleary.

In our opinion the sworn, itemized statement of the account of W. M. Finck & Company was not necessary: first, because it was not denied by counter affidavit specifying wherein the same was incorrect as required by the statute; second, because it was admitted by Cleary; third, because the receipt of goods was proven by Watts, freight agent. But as this question will come up before this court a number of times, we have no doubt, and because we can find no authority in the state of Mississippi which has absolutely settled the point, we here cite authorities and reasoning going to show that the treasurer of a corporation is the proper person and the authorized agent of the corporation to make such affidavit. In the first place, the treasurer of a corporation has complete charge of its books and accounts and is, under ordinary custom of business, the one who pays out and receives moneys and investigates the accounts of the concern. He is a general officer of all corporations. He is one of the general officers of the corporation and where he makes the affidavit as was done in this case of his own knowledge that the account is just, correct, and due, certainly there could be no objection to the account because he did not state himself that he was authorized to make the affidavit. The fact is this is unnecessary under the decisions of this court where in numerous instances, while the exact point was not raised, this court has passed upon and approved sworn accounts made by the treasurer and secretary of corporations. The following cases from other states have directly passed upon the propositions, to-wit: ALABAMA —*Birmingham Realty Co.* v. *Barron* (1907), 150 Ala. 232, 43 So. 346; CALIFORNIA—*Old Settlers Invest. Co.* v. *White* (1910), 158 Cal. 236, 110 Pac. 922; DISTRICT OF COLUMBIA

—*International Seal Co.* v. *Beyer* (1909), 33 App. D. C. 172; INDIANA—*Fremont Cultivator Co.* v. *Fulton* (1885), 103 Ind. 393, 3 N. E. 135; MAINE—*Casavant & Co.* v. *Smith* (1906), 115 Me. 168; 98 Atl. 577; MICHIGAN—*Forbes Lithograph Mfg. Co.* v. *Winter* (1895), 107 Mich. 116, 64 N. W. 1053; MISSOURI—*Remington Sewing Machine Co.* v. *Cushen* (1880), 8 Mo. App. 528; *White Sewing Machine Co.* v. *Betting* (1893), 53 Mo. App. 260; NEBRASKA—*Moline M. & S. Co.* v. *Curtis* (1893), 38 Neb. 520, 57 N. W. 161; NEW JERSEY—*New Brunswick S. B. & Canal Transp. Co.* v. *Baldwin* (1834), 14 N. J. L. 440.

Especially is this true under our statute, section 1011 of the Code of 1906 (Hemingway's Code, section 731) which provides in all cases where the oath or affirmation of the party is required, such oath or affirmation may be made by this agent or attorney, and shall be as effectual for all purposes as if made by the party. The decisions of this court have required that the agent say whether or not the affidavit is made within his own knowledge or that of his principal. This affidavit covers that point by stating that the affidavit was made by the personal knowledge of the treasurer. Of course, Hemingway's Code, section 1638 (Code of 1906, section 1978) recites that an affidavit to an open account entitles the plaintiff to judgment and only provides that the person desiring to institute suit must make the affidavit. It will always remain a mystery to us on what grounds the court excluded all the testimony in regard to the partnership of Earl Brewer and John Cleary. The existence of a partnership is entirely a question of fact. 18 L. R. A. (N. S.) 1076; *Herman Kohn* v. *Bowden,* 10 Ann. Cas. 132; note, 115 Am. St. Rep. 406.

This court has heretofore decided that where the account sued on is properly sworn to and no counter-affidavit is filed, that the supreme court in reversing the judgment will render one for the plaintiff instead of remanding the case. *Ware* v. *McQuillan,* 54 Miss. 703.

H. C. Holden, for appellees.

The court acted properly in excluding the sworn accounts attached to the declaration because these accounts, together with the affidavits, failed to comply with section 517, Hemingway's Code, in that they did not itemize the articles alleged to have been purchased. These accounts will be searched in vain for any description of such articles. This court early held that the account or bill of particulars attached to the declaration must state distinctly the several items of the claim. *Soria* v. *Planters Bank,* 3 How. 46. Again, in *Pipes* v. *Norton,* 47 Miss. 61, this court held that a statement of the amounts of invoices is insufficient.

This court has also held that if the declaration itself specifies and describes the particular goods sued for, then they need not be described in the account, or bill of particulars attached to the declaration. *Nevit* v. *Robe,* 5 How. 653; *Tierney* v. *Duffy,* 59 Miss. 364.

In the case at bar, neither the declaration nor the bill of particulars contains such description and specification. Nowhere are the defendants clearly informed of the kind of goods they were alleged to have purchased. Granting that the issue of partnership *vel non* was presented by the plaintiff's evidence sufficiently to go to the jury, nevertheless the plaintiff failed to prove properly and sufficiently the receipt of the goods and liability for the payment thereof.

It is said that the counter-affidavit of Earl Brewer was not sufficient under the statute, and that the court below should have rendered judgment for the plaintiff. But under the ruling of this court, construing section 1638, Hemingway's Code, in *Reinhardt* v. *Carter,* 49 Miss. 315; *Aaron* v. *Podesta,* 60 Miss. 82, the pleadings of the defendant were sufficient.

Taking the case as a whole, in the light of sections 517, 731, and 1638, Hemingway's Code, it is plain from this record that the plaintiff simply failed to prove its case.

While the power to exclude should be cautiously exercised, the practice is commendable, as it saves time and the useless intervention of a jury. *Mississippi Packet Co.* v. *Edwards*, 62 Miss. 534.

SYKES, P. J., delivered the opinion of the court.

The appellant brought suit in the circuit court against Earl Brewer and John Cleary as partners engaged in the mercantile business. To the declaration is attached what purports to be an account of the indebtedness sworn to by the treasurer of the appellant corporation.

Upon the objection of the appellee Brewer, the appellant was not permitted to introduce this account. It seems that one of the reasons why the court sustained the objection was because the account was not sworn to by a proper agent of the plaintiff. We think, however, the treasurer of a corporation under our statute can make this affidavit.

The court was correct, however, in sustaining this motion for the reason that the account is not made out in accordance with the statute.

Section 517, Hemingway's Code (section 734, Code of 1906) provides that there shall be filed with the declaration in every cause on an open account a copy of the account or bill of particulars of the demand; and evidence thereof shall not be given on the trial, unless so annexed or filed.

Section 1638, Hemingway's Code (section 1978, Code of 1906), provides that, in a suit upon an open account, the plaintiff may make affidavit to the correctness of the account, and unless the correctness of the account be denied under oath, he shall be entitled to judgment thereon.

The accounts contemplated by these two sections of the Code are itemized accounts. They must show the dates of purchase, the kind of goods, the quantity and the price. *Pipes* v. *Norton*, 47 Miss. 61.

The account in this case is made out as follows: We have "Feb. 13, mdse, 303 00." This evidently means a purchase on February 13th of merchandise for the sum

of three hundred and three dollars. Lower down in the account this particular purchase is attempted to be itemized as follows:

| Lot No. | Price. | Dozens | Amount. | Total. |
|---------|--------|--------|---------|--------|
| 52 | 72.00 | 2 | 144.00 | |
| 102 | 27.00 | 2 | 54.00 | |
| 780 | 35.00 | 3 | 105.00 | 303.00 |

This account must refer to the lot number in the catalogue of the plaintiff, evidently the price a dozen of some kind of merchandise. We cannot tell from it the character of goods purchased. It is really but a string of figures, from which the defendants cannot tell for what they are charged.

By the defendant Cleary, the plaintiff proved that he ordered certain goods, but failed to prove that the goods were delivered.

The partnership was denied under oath by the defendant Brewer. There was testimony by the defendant Cleary that the partnership existed, which was denied by Brewer.

Since we are of the opinion that there was no testimony to show that the goods were received, we are not called upon to pass upon the sufficiency of the testimony as to whether or not the question of partnership should have been submitted to the jury.

*Affirmed.*