Wolff *v.* Hopkins.*

(Division A.    Feb. 7, 1927.)

[111 So. 290.    No. 26252.]

1. Contracts. *Plaintiff in action on cost plus contract must allege and prove items of weekly pay rolls after defendant pleads general issue (Hemingway's Code, section 517).*

Under Hemingway's Code, section 517 (Code 1906, section 734), plaintiff in action to recover on cost plus contract for labor and material must allege and prove all items of weekly pay rolls for labor after defendant pleads general issue.

2. CONTRACTS. *Dispute as to terms of contract raises issue for jury.* Dispute as to terms of contract raises issue for submission to jury.

*Corpus Juris-Cyc. References: Contracts, 13CJ, p. 748, n. 49 New; p. 781, n. 47; p. 782, n. 49.

APPEAL from circuit court of Washington county.
HON. S. F. DAVIS, Judge.

Action by F. Hopkins, Jr., against Ike Wolff. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

*Eugene Gerald* and *George Butler,* for appellant.

It was error to permit appellee to testify to pay roll expenditures. Section 734, Code of 1906 (section 517, Hemingway's Code) provides in substance that there shall be annexed to or filed with the declaration in every case founded upon an open account, a copy of the account or a bill of particulars of the demand, and evidence thereof shall not be given on the trial unless so annexed or filed. See also section 1978, Code of 1906 (section 1638, Hemingway's Code); section 2106, Code of 1906 (section 1774, Hemingway's Code).

These statutes have been construed in a number of cases and held to be mandatory and it has consistently been held that in the absence of such an itemized statement no evidence was admissible as to the items when properly objected to. *Pipes* v. *Norton,* 47 Miss. 61; *Levy* v. *Bank,* 124 Miss. 325.; *Finch* v. *Brewer,* 133 Miss. 9; *Bank Book Depository* v. *Donald,* 115 Miss. 465.

*Ernest Kellner, Jr.,* and *Thos. L. Bailey,* for appellee.

Section 734, Code of 1906 (section 517, Hemingway's Code), cited by appellant, is applicable only to cases

founded on an open account.  The case at bar is not founded on an open account but is a suit for the recovery of the balance owing under an oral contract between the parties, the terms of which are admitted by appellant. This distinction between a suit founded on an open account under the statute and a suit on a contract has been clearly defined by this court in *Baldwin* v. *Morgan,* 73 Miss. 276, 18 So. 919.

It is not alleged or in evidence that the parties contracted that a record of the pay rolls should be kept; however, it is in evidence that appellee kept and submitted to appellant a proper record of the pay rolls shown in the statement thereof attached to the declaration, and appelland admits that the pay rolls were given to him, and that he paid for the labor week by week.  Certainly, appellant, admitting that the pay rolls were given to him as he paid them, will not be allowed to exclude appellee's evidence that the money represented by the pay rolls was expended under the contract because appellee fails to produce the pay rolls.

Section 1778, Code of 1906 (section 1638, Hemingway's Code) cited by appellant, is simply a rule of evidence in suits founded on an open account of which a party may avail himself if he chooses and has no application to the case at bar.  The failure of a person to avail himself of this statute does not exclude proof of the account sued upon, but makes it necessary to prove the account.

Section 2106, Code of 1906 (section 1174, Hemingway's Code), is also a rule of evidence as to how a claim shall be proved against a decedent and has no application to the case at bar.

The cases relied upon by appellant simply construe the foregoing statutes; hence, they are not in point.  So, I say, appellant has not cited any statute or rule of evidence that would require appellee to file with his declaration an itemized account of the pay rolls before evidence thereof would be admitted.  But if appellant's contention should be held to be correct, it would not cause a reversal

of this case, for the reason that appellee when called upon
to file a bill of particulars of the pay rolls did so and gave
all information he had with reference thereto; to-wit, the
respective dates and amounts thereof.

Argued orally by *George Butler,* for appellant, and
*Thos. L. Bailey* for appellee.

McGOWEN, J., delivered the opinion of the court.

The appellee, Hopkins, sued the appellant, Ike Wolff,
in the circuit court of Washington county, filing a dec-
laration in which he alleged that he had entered an oral
contract, as a contractor, with Wolff, as the owner, to re-
pair and remodel a certain store building occupied by
the appellant, Wolff, and under such oral contract the
appellant obligated himself to pay the appellee for all
labor and material used in the performance of said con-
tract, plus ten per cent. commission on the gross amount
thereof; and that the work had been completed accord-
ing to the oral contract, and there remained due to the
appellee, or plaintiff in the court below, the sum of eight
hundred thirteen dollars and ninety-five cents, which the
owner, Wolff, defendant in the court below, had neglected
and refused to pay. Attached to the declaration was
what purports to be an itemized statement of the labor
and material furnished by F. A. Hopkins, Jr. There are
several pages itemizing the material furnished, which
total one thousand eight hundred seventy-six dollars and
ninety-five cents. The balance of the account attached as
an exhibit is the weekly pay rolls for labor, set out as
follows:

Weekly pay rolls:

| | |
|---|---|
| March 28 | $162.85 |
| April 4 | 174.25 |
| April 11 | 55.30 |
| April 18 | 168.45 |
| April 25 | 160.85 |

May  2  ............................................ 201.42
May  9  ............................................ 197.31
May 16  ............................................ 192.65
May 23  ............................................ 142.80
June  6  ............................................  66.62
June 13  ............................................   6.75
June  6  ............................................  54.00
June 13  ............................................  13.50
July 18  ............................................  87.20
July 19 Framing and setting mirrors .......... 36.27

There was a verdict and judgment for the amount sued for, eight hundred thirteen dollars and ninety-five cents, in favor of the appellee. The appellee, Hopkins, offered to prove the amount of the above weekly pay rolls in bulk, set forth above, and testified that he had kept a book showing the names of the laborers, the amount paid to each, and the date on which paid; that the book had been misplaced and that he could not find it, but that he had furnished weekly pay rolls to Wolff, the owner. The appellant, Wolff, objected to the testimony because the labor account sued on was not itemized and attached to the declaration. The appellee did not offer to amend the account and the court first sustained appellant's objection, but when the witness testified that he had lost this book, the court permitted the testimony to go in over the objection of the appellant, Wolff.

First. The very essence of the complaint here of the appellee, Hopkins, was based upon the items of the account, and we cannot agree with counsel that it is a suit upon a contract only. It was necessary to allege and prove the items of the weekly pay rolls, for they constitute about one-half of the account sued on in this case, and it was necessary to attach to the declaration an itemized account of the weekly pay rolls of labor, the same as was done relative to the lumber.

In fact, the appellant, Wolff, in such a suit could more readily detect error, point it out, and prove it if the names of the parties to whom the money was paid for labor and

the dates were given. Then, too, the items of the pay roll cannot be proved in the manner undertaken in the court below. The items of the weekly payroll were neither completed nor proved. The appellant, Wolff, defendant in the court below, having pleaded the general issue, in our opinion, it was absolutely necessary to allege and prove all the items of the pay rolls for labor. Section 734, Code of 1906, section 517, Hemingway's Code; *Pipes* v. *Norton,* 47 Miss. 61; *Southern School Book Depository* v. *Donald,* 115 Miss. 465, 76 So. 519; *Levy* v. *Bank,* 124 Miss. 325, 86 So. 807; and *Finck & Co.* v. *Brewer,* 133 Miss. 9, 96 So. 402.

Second. There was sharp dispute as to the terms of the contract for the construction of the awning which Huddleston and Wolff claimed was a separate contract for the total sum of three hundred dollars, and which Hopkins disputed. This issue should have been submitted to the jury.

Third. There was an error also of ten dollars, a double charge, which was ignored by the court in its instructions.

For the reason indicated, this cause will be remanded to the court below to be tried anew.

*Reversed and remanded.*