ALABAMA GREAT SOUTHERN R. CO. *v.* TAYLOR.

(In Banc. Dec. 23, 1940.)

[199 So. 310. No. 34308.]

Bozeman, Cameron & Bozeman, and Cameron & Wills, all of Meridian, for appellant.

L. J. Broadway, of Meridian, for appellee.

74

Argued orally by **A. S. Bozeman, Jr.**, for appellant.

**Griffith, J.**, delivered the opinion of the court.

On the evening in question appellee was a passenger on one of appellant's trains. Her destination was Meridian, and Meridian was her place of residence. When about twenty miles from Meridian, some miscreant threw a stone against a window of the coach in which appellee was seated, causing shattered glass to fly in appellee's direction, a particle of which entered one of appellee's eyes, dangerously and painfully injuring the eye.

The train conductor was, in a short time, made aware of the injury, and according to the testimony of appellee and her witnesses, the conductor promised her that he would notify a company physician to go at once to her home in Meridian, there to give her treatment as soon as she should arrive at her residence. Appellee's testimony is further that when she reached Meridian she was met at the passenger depot by a friend of her family who had been sent by her brother to meet her, and that this friend placed her at once in a taxicab which took her immediately to her home, and that there she awaited the promised arrival of the physician. That she so awaited for

more than two hours, suffering intense pain all the while; and, concluding finally that the promise made to her would not be kept, she went in company with her sister and a family friend to a public charity hospital about six blocks from her residence, and there received the necessary treatment.

The version of the conductor and the witnesses who support him is that he told appellee to remain in the waiting room of the passenger station at Meridian and that he would have a company physician to treat her there; that the physician whom he attempted to call could not be reached; and that before he could get in touch with another physician appellee had departed from the station, and that, therefore, the attempt to procure another physician was not pursued.

There is no suggestion that the initial injury was caused through any negligence of the carrier, nor is there any complaint that the carrier could or should have done anything for appellee before she reached Meridian. The complaint is in not sending a physician to treat appellee at her home in pursuance of the promise by the conductor so to do, in respect to which we accept as true the version given by appellee, and not that adduced by the carrier.

The rule is well settled, and has been steadfastly maintained in this State, that when a passenger becomes sick or is injured while en route, no matter how free the carrier may be of blame in respect to the sickness or injury, the carrier owes the duty to render to the passenger such reasonable care and attention as common humanity would dictate. Hughes v. Gregory Bus Lines, 157 Miss. 374, 128 So. 96; 13 C. J. S., Carriers, sec. 754, p. 1414. This obligation is not a product of the contract of carriage—it is due even to trespassers. Dyche v. Vicksburg, S. & P. Railroad Co., 79 Miss. 361, 30 So. 711; Yazoo & M. V. Railroad Co. v. Leflar, 168 Miss. 255, 150 So. 220.

But the rule runs no further than the reasons which give it existence; whence it follows that when, upon

arriving at his destination, the passenger has there actually reached the hands of his family or friends, the duty of the carrier as respects the offices of common humanity is at an end, and the duty goes thence over to the family and the friends. No case in this State and none in any other jurisdiction, so far as we have been able to find extends the doctrine any further than we have above outlined; and our conclusion finds support, if any were needed, in Boyd v. Alabama & V. Railway Co., 111 Miss. 12, 15, 71 So. 164.

It is contended, however, that the duty of the carrier was effectively enlarged in the case now before us by the promise of the conductor to send a physician to the home of the passenger. If so enlarged, it was by contract and not by the obligations of the non-contract law; and if by contract, then as in other contracts, a valuable consideration was necessary to its support. It is well settled that the promise of a conductor to perform an act or office not imposed by law upon the carrier is the personal promise of the conductor and does not bind the carrier. Gage v. Illinois Cent. Railroad Co., 75 Miss. 17, 19, 21 So. 657; Sevier v. Vicksburg & M. Railroad Co., 61 Miss. 8, 11, 48 Am. Rep. 74. During the existence of an emergency, and to the extent that the duty imposed by the doctrine of common humanity rests upon the carrier, the conductor, or highest agent of the carrier on the ground, is empowered to obligate the carrier in respect to the services of a physician, but the authority so to do does not extend beyond the limitations of time or place within which the doctrine under consideration is operative. See Columbus & G. Railroad Co. v. Mississippi Clinic, 153 Miss. 29, 120 So. 203.

Reversed, and judgment here for appellant.