Tri-State Transit Co. of Louisiana, Inc., *v.* Lee.

(In Banc.   May 26, 1941.)

[2 So. (2d) 547.   No. 34588.]

**Farish, Keady & Branton,** of Greenville, and **Stevens & Stevens,** of Jackson, for appellant.

**William Payne,** of Greenville, for appellee.

Argued orally by **John Morgan Stevens**, for appellant, and by **William Payne**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The appellant is a common carrier of passengers by means of motor busses over the public highways. One of its routes passes through Columbia, Jackson and Winona, Mississippi, and thence on north. Another is from Columbus to Greenville, crossing the other route at Winona, Mississippi. The appellee, a boy thirteen years old, purchased a ticket from the appellant at Columbia which entitled him to transportation from Columbia via Jackson and Winona to Greenville. He was transported

safely from Columbia to Winona, where it became neces-
sary for him to change from the bus in which he was
then being carried to one going west from Columbus to
Greenville. He arrived at Winona at 2:09 P. M., a west-
bound bus of the appellant was due to pass at 2:20 P. M.,
and was scheduled to arrive in Greenville at 5 P. M. The
flooding by high water of the east and west highway from
Columbus to Greenville near Starkville, east of Winona,
prevented the appellant's westbound bus on that route
from arriving at Winona on time. It did succeed however
in reaching Winona between 5:30 and 6 P. M. of that day,
and then continued on to Greenville. When the appellee
disembarked at Winona, he asked the appellant's ticket
agent (a woman) "How long it was going to be before
the bus comes?", to which she replied that "It would not
come" on account of the high water, hereinbefore re-
ferred to. He then asked her how he "was going to get
to Greenville." She suggested that he catch a train over
a railroad running from Columbus to Greenville through
Winona, to which he replied that he had no money, and
she thereupon suggested that he "catch a ride" from
an automobilist, and directed him as to how to go to the
highway for that purpose. Failing to catch such a ride,
he, at the suggestion of a "hobo," with whom he came
in contact, stole a ride to Greenville on a freight train,
in the course of which he became frightened, and suffered
some minor hardships, arriving in Greenville shortly after
midnight and remained in the freight car until morning.
The railroad train was also delayed by this same high
water but did pass Winona on its way to Greenville late
in the afternoon of the same day. There seems to have
been some understanding or custom, the exact nature of
which does not appear, according to which the unused
portion of the appellee's ticket from Winona to Green-
ville would have been accepted by the railroad for passage
over its trains from Winona to Greenville. This was not
known to the ticket agent at the time of this occurrence,
and for that reason she did not advise the appellee there-

of. She did tell him that the appellant would refund to him the price of the unused portion of his ticket, and advised him how to proceed to collect it.

One of the appellant's complaints is that the court below should have granted its request for a directed verdict. The appellant was under no obligation to the appellee to transport him with any more care or consideration than was due by it to adult passengers; Gage v. Illinois C. R. R. Company, 75 Miss. 17, 21 So. 657; which duty was to exercise reasonable care to carry him to his destination within a reasonable time. It was not responsible for the highway being obstructed by high water and would not have been liable to the appellee for any delay caused thereby which it could not reasonably have avoided. As the event determined, had the appellee waited at Winona for the appellant's next westbound bus, he would have been entitled to no compensation for the delay that would have resulted in his reaching Greenville. No breach of the appellant's obligation to the appellee here occurred. True it is that its ticket agent did not suggest that he wait for a later bus, but that was unnecessary for the appellee must be presumed to have known that he had this right. Her suggestion to him to catch a ride to Greenville in no way constituted a repudiation by her of the appellant's obligation to carry him from Winona to Greenville. It was a mere suggestion of a way by which he might go to Greenville without waiting for the bus. The appellant's request for a directed verdict should have been granted.

Reversed and judgment here for appellant.