BARRON et al. *v.* MURDOCK ACCEPTANCE CORPORATION

No. 41702          March 20, 1961          127 So. 2d 878

*Edward J. Currie* and *Edward J. Currie, Jr.,* Hattiesburg, for appellants.

*James Finch,* Hattiesburg; *Watkins & Eager,* Jackson, for appellees.

McGEHEE, C. J.

The appellee, Murdock Acceptance Corporation, is engaged in the business of financing automobiles and automobile dealers, and this suit was filed by and on behalf of the said Murdock Corporation against Clinton E. Barron, Jr. and Joseph A. Barron, brothers and partners, doing business as the Barron Ford Motor Company at Collins, Mississippi, and against their father, Clinton E. Barron, Sr., as endorser and guarantor of certain indebtednesses of the said partnership to the appellee Murdock Acceptance Corporation.

The suit is for balances allegedly due on (1) outstanding wholesale floor-plan accounts; (2) balances on customer repossession accounts; and (3) balance on a capital loan account. One of the questions involved on this appeal is whether or not the account as sued on constitutes a sworn itemized account as provided for by Section 1754, Code of 1942, which provides, among other things, that "A person desiring to institute suit upon an open account in his favor, may make affidavit to the correctness of such account, and that it is due from the party

against whom it is charged; and in any suit thereon such affidavit attached to the account shall entitle the plaintiff to judgment at the trial term of the suit, unless the defendant make affidavit and file with his plea that the account is not correct, particularizing wherein it is not correct, in which event the affidavit to the account shall entitle the plaintiff to judgment only for such part of the account as the defendant by his affidavit shall not deny to be due * * *''

The suit was originally filed in the Circuit Court of Forrest County, but upon motion of the defendants, Barron Brothers and their Father, the case was transferred without objection to the Chancery Court of Forrest County. In the circuit court the defendants filed a counter affidavit in response to the sworn account sued on, but after the cause was transferred to the chancery court, the Murdock Acceptance Corporation, as complainant, reformed its pleadings by filing a bill of complaint in the said court. In the latter court, the defendants, Barron Brothers and their Father, did not file a counter affidavit, but the complainant did not ask for a judgment against the defendants on the sworn account sued on, but rather the complainant elected to prove by direct, positive testimony the balances due on the wholesale floor-plan accounts, the deficiencies due on automobiles repossessed from the customer, and the balance due on a capital loan account, the defendants having obtained a capital loan from the appellee in the sum of $20,000, which was endorsed by Clinton E. Barron, Sr., who was engaged in the business of Barron Motor Company, Hattiesburg, Mississippi, and which was secured by a deed of trust which contained an obligation on the part of Barron Brothers and their Father, Clinton E. Barron, Sr., and which deed of trust was duly signed by all of the defendants, and whereby Clinton E. Barron, Sr. obligated himself to pay additional indebtednesses of his

said two sons over and above the said $20,000 capital loan.

In the bill of complaint filed by the appellee in the chancery court, the complainant alleged that the defendants had not paid the amounts due and owing on certain trust receipts listed as follows:

| Date | Acc. No. | Motor No. | Amount |
|------|----------|-----------|--------|
| 4/14/56 | 445 | M6MT110404 | $2,009.31 |
| 4/14/56 | 804 | FLOV6U13955 | 75.00 |
| 4/14/56 | 435 | FLOV6U13970&1 | 150.00 |
| 4/27/56 | 447 | 56 Ford #16499 | 271.49 |
| | | | $2,505.80 |

There was an affidavit attached to the bill of complaint containing the names of numerous customers, stating the account number and the amount due by each of the long list of customers, and the date when the balance became due and payable by each. As heretofore stated, there was no counter affidavit filed in the chancery court but the complainant did not rely upon the failure of the defendants to file such a counter affidavit or on the insufficiency of an affidavit under the said Section 1754, supra. The complainant in the suit, after it reached the chancery court, assumed the burden of proving the balances due on the wholesale floor plan accounts, the deficiencies on the conditional sales contracts where cars had been repossessed from the customers, and the balance due on the capital loan account. On conflicting testimony as to the liability of Clinton E. Barron, Sr. for all of the balances sued for, and on the full and detailed testimony of the witness C. W. Conner for the complainant, as well as upon the testimony of the Barron Brothers, the court found that all of the defendants were jointly and severally liable to the complainant Murdock Acceptance Corporation in the sum of $2,905.34, and that the defendants Clinton E. Barron, Jr.

and Joseph A. Barron were jointly and severally liable to the complainant in the additional amount of $3,230.66, with legal interest thereon from date. The decree was rendered on June 20, 1959. There is no cross appeal from the disallowance by the chancellor of part of the indebtedness sued for as against the defendant Clinton E. Barron, Sr., and we are of the opinion that the decree of the chancellor was supported by the testimony and that no error was committed as to the amount of indebtedness and the attorneys' fees allowed.

We are of the opinion that under the holding of this Court in the case of W. M. Finck & Company v. Brewer, et al., 133 Miss. 9, 96 So. 402, the bill of complaint filed by the appellee in the chancery court, after the cause was transferred, did not purport to be a sworn itemized account within the contemplation of Section 1754, supra, but, as heretofore stated, the suit was one for balances allegedly due on certain written contractual obligations which were filed as exhibits to the bill of complaint. No counter affidavit on behalf of the defendant, particularizing wherein the amounts sued for were incorrect, was required, as provided by said Section 1754, supra.

We think that the complainant assumed to prove, and did prove, by direct and positive proof, all of the items of indebtedness for which the decree was awarded, and that although the evidence as to the liability of Clinton E. Barron, Sr. was in conflict, we are unable to say that the decree of the chancellor was manifestly wrong, and it must therefore be affirmed.

Affirmed.

*Arrington, Gillespie, McElroy* and *Jones, JJ.,* concur.