## James Rose v. Calvin Watson.

Practice. *Account. Code* 1871, § 782. *Counter affidavit, when filed.*
On appeal from a justice of the peace, the counter affidavit to the affidavit attached to the account sued on may be filed for the first time in the Circuit Court, if leave be asked in time; but it is too late after the plaintiff has read his account and affidavit in evidence to the jury, and closed his case.

Error to the Circuit Court of Yazoo County.

Hon. S. S. Calhoon, Judge.

Calvin Watson sued James Rose before a justice of the peace on an account for $75, sworn to as provided by Code 1871, § 782. Rose filed no counter affidavit; but there was a jury demanded by both parties, a trial, and verdict for Watson. From the judgment Rose appealed to the Circuit Court, where

a trial was had, as follows: Watson introduced the account, with the affidavit annexed, and closed, because no counter affidavit had been filed. Rose then asked leave to file his counter affidavit, which was refused; and, being allowed to introduce no evidence, there was a verdict and judgment against him, from which he brought the case to this court.

*Hudson & Hudson*, for the plaintiff in error.

1. The absence of the counter affidavit, under § 782 Code 1871, simply changes the burden of proof. This view does not conflict with *Bower* v. *Henshaw*, 53 Miss. 345.

2. By Code 1871, § 1334, Rose had the right to a trial *de novo* in the Circuit Court, which implies the right to put in the affidavit there. 1 S. & M. 383; 10 S. & M. 154; 8 S. & M. 383; 7 S. & M. 249.

3. By not objecting to the want of a counter affidavit in the Justice's Court, Watson waived his right to one. 53 Miss. 249; 14 S. & M. 119; 27 Miss. 239; 13 S. & M. 302; 37 Miss. 172; 5 How. (Miss.) 471, 698; 4 How. (Miss.) 154.

4. No trial was had in the Circuit Court; and it is manifest from the excluded evidence that right has not been accomplished. We therefore ask a reversal, that, on a new hearing, justice may be done between the parties.

No counsel for the defendant in error.

CHALMERS, J., delivered the opinion of the court.

If the defendant had in the Circuit Court asked leave in time to put in an affidavit denying the correctness of the account sued on, it would have been proper to have allowed it, though none had been filed in the Justice's Court. But no such leave was asked until after the parties had gone to the jury, and the plaintiff, having read his account and the affidavit of its correctness, closed his case. There was no error in the refusal of the court to then allow the defendant to put in a counter affidavit. The plaintiff had already entitled himself to verdict and judgment. Code 1871, § 782; *Bower* v. *Henshaw*, 53 Miss. 345; *Reinhardt* v. *Carter*, 49 Miss. 315.

*Judgment affirmed.*