# McClain *v.* Henson.

(Division B.   April 2, 1934.)

[153 So. 791.   No. 31155.]

**S. C. Mims, Jr.,** of Grenada, for appellant.

**J. W. Conger,** of Winona, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellant sued appellee in the court of a justice of the peace of Montgomery county on a sworn itemized account of one hundred ninety-three dollars and eighty-six cents.

Appellee did not file in that court either an off-set or an affidavit denying the correctness of the account. There was a trial resulting in a judgment in appellant's favor in the sum of forty-five dollars and seventy-five cents. From that judgment both parties appealed to the circuit court, where there was a trial de novo, resulting in a verdict and judgment for appellee, from which judgment appellant prosecutes this appeal.

In the circuit court appellee filed what he contends (and the trial court so held) was a counter affidavit, denying the correctness of the account, and what appellant claims was a set-off and therefore, under section 2088, Code 1930, could not be filed in the circuit court for the first time, but was required to be filed in the justice of the peace court on or before the return day of the summons. Appellant objected to appellee's evidence in support of his defense upon that ground, which objection was overruled by the court. The court also refused an instruction requested by appellant embodying that contention of appellant. That action of the court constitutes the basis of appellant's appeal. Appellee contends that the defense interposed by him was not a set-off, but one interposed under the authority of section 1591, Code 1930, which is in this language: "A person desiring to institute suit upon an open account in his favor, may make affidavit to the correctness of such account, and that it is due from the party against whom it is charged; and in any suit thereon such affidavit attached to the account shall entitle the plaintiff to judgment at the trial term of the suit, unless the defendant make affidavit and file with his plea that the account is not correct, particularizing wherein it is not correct, in which event the affidavit to the account shall entitle the plaintiff to judgment only for such part of the account as the defendant by his affidavit shall not deny to be due; but this shall not apply to accounts against decedents and suits against executors or administrators. A defendant desiring to use an

open account as a set-off shall be entitled to the benefit of this section."

Under this statute, on an appeal from a court of the justice of the peace a counter affidavit may be filed in the circuit court for the first time. Rose v. Watson, 54 Miss. 673. The question therefore is: Which statute applies, the section above copied, or section 2088? The latter section follows: "The defendant in any action shall, on or before the return-day of the summons, and before the trial of the case, file with the justice of the peace the evidence of debt, statement of account, or other written statement of the claim, if any, which he may desire to and which lawfully may be set off against the demand of the plaintiff, and, in default thereof, he shall not be permitted to use it on the trial."

The itemized account sued on consisted of fifteen charge items aggregating two hundred forty-four dollars and thirty-six cents, and three credit items, aggregating fifty dollars and fifty cents, leaving a balance of one hundred ninety-three dollars and eighty-six cents, the amount sued for. One of the credit items was: "By lumber thirty-two dollars and fifty cents."

In his counter affidavit appellee denied that he owed eleven of the items, aggregating ninety-eight dollars and eighty-six cents, and denied the correctness of the lumber credit of thirty-two dollars and fifty cents, averring instead that it should be one hundred forty-three dollars and fifty-seven cents. If appellee's counter affidavit be true, the account sued on was overpaid by a few dollars. However, appellee in his counter affidavit did not ask for judgment over, nor did he recover such a judgment. The verdict and judgment was for appellee simply dismissing appellant's claim and adjudging the costs against him. Appellee's defense, therefore, was confined exclusively to the charge and credit items of the account sued on. In his counter affidavit, as above shown, he denied the correctness of eleven of the charge items and one of the

credit items. He brought in no outside claim or claims by way of defense. On the contrary, his defense was confined strictly to the transactions out of which the various items of the account arose. We think it clear, therefore, that appellee's defense was not an offset or counterclaim, but one under section 1591, Code 1930.

Affirmed.