## Soria *v.* The Planters' Bank.

A judgment by default on the special count, without a discontinuance on the money counts, is not error.

The account required by the statute to be filed with the declaration of the plaintiff, must state distinctly the several items of his claim against the defendant.

A general statement of account filed with the count for money loaned, "that the defendant was before a particular day mentioned in the count, indebted to the plaintiff in 8000 dollars, for money before that time loaned," is not such an account as the statute requires.

ERROR to the circuit court of Adams county.

This was an action of assumpsit, against the plaintiff in error as endorser of a promissory note.

The declaration contained a count on a promissory note; the common money counts in an *insimul computassent* count. There was a general judgment by default, without a discontinuance of the money counts.

Two errors are assigned:

1. That the action ought to have been joint against all the makers, and endorsers of the note.

2. That it was irregular to take a judgment by default without a discontinuance on the common counts.

Winchester, for the plaintiff in error.

The error assigned is, that there is no discontinuance of the common money counts, and the count on the account stated; and that a judgment upon these counts, without the verdict of a jury, is erroneous.

Although this court in the case of Gridly *v.* Brigs, La Coste & Co., at the last term of the High Court of Errors, decided that it is unnecessary to discontinue the common counts, and that a judgment rendered upon them is not erroneous for want of a verdict of a jury, yet it is respectfully suggested that the court mistook the

[Soria *v.* The Planters' Bank.]

nature of the objections taken by the appellant in that case, and erred in its decision.

The court based its decision upon two grounds:

1. That all omissions and errors are cured in a judgment by default, by the statute of jeofails, which would be cured upon a verdict.

2. That the statute requiring an account of items to be filed with a declaration to let in proof of items, operated to render common counts mere surplusage, no counts at all, in all cases where no account of items is filed.

1. It was admitted that, at common law, this judgment is erroneous for want of a verdict. But it was argued and decided, that the statute of jeofails and the statute requiring an account of items to be filed, had altered the common law.

As to the effect of the statute of jeofails, the court proceeded upon the mistaken supposition, that the appellant's objection to the judgment was to a want of certainty in the judgment, as to which of the counts in the declaration the judgment applied, and under which of the counts the evidence was received by the clerk, or court in rendering the judgment.

But no such objection is taken. The judgment is certain. It is a certain judgment upon all the counts in the declaration. The legal presumption is, that the judgment is founded upon any, and all such legal and proper evidence as is admissible to prove all the counts.

It was not then any uncertainty, to which appellant objected as the ground of error. The sole objection was, that there was no verdict, and that there is no statute or law of this state, which authorises an assessment of damages, upon the common counts or the *insimul computassent* count without a writ of inquiry and the verdict of a jury. The right of trial by a jury of the country, guaranteed by the constitution to the plaintiff, was here violated.

The statute of jeofails does not cure the omission or defect, because the want of a verdict is surely not an error or omission which is cured where there is a verdict.

2. As to the effect of the statute requiring an account of items to be filed. It is insisted, that the omission to file an account of

[Soria v. The Planters' Bank.]

items, cannot vitiate the pleadings. A general demurrer could not be sustained to a declaration upon an open account, because an account of items is not filed. It could not even be assigned as a cause for special demurrer, because it is no part of the pleadings. It is merely intended as notice to the opposite party, which he may waive, and which, by the express words of the statute, need not be filed where the item is so particularly described in the declaration as to give notice to the opposite party. Its effect is only to prevent the plaintiff from proving the items, if the defendant objects to the proof, for the want of the notice of an account of items filed. Certainly this court would not reverse a judgment and verdict upon a declaration containing only one count, upon an open account, because the record did not show an account of items filed, when the defendant had pleaded to the country, and waived the want of an account of items, taking no exceptions to the admission of proofs of the account. Much less, could they reverse a judgment upon a declaration, upon an account stated under such circumstances, as unquestionably the plaintiff is not required to prove items, in an action upon a stated account. A stated account does not prove itself like a note, but requires the proof of witnesses, and surely the clerk is not warranted to receive proof of witnesses in the place of a jury.

In conclusion. If the judgment in this case had been upon the count on the note alone, and the naked question had been presented, whether it was not erroneous, because the other counts were not discontinued, the court, under the practice which has existed in this state, might, perhaps, have considered the taking a judgment by default final on the first count alone, as a legal discontinuance of the other counts. The common counts must be disposed of in some way. They must either pass into a judgment, or be continued, or be discontinued. A judgment cannot be taken upon one part of the plaintiff's declaration at one term, and upon another part, at another term. The whole cause must be disposed of by one judgment. The rule is familiar to the court, in suits against joint defendants, where process is not served on one of the defendants. Judgment cannot be taken against one of the joint defendants, and the cause continued, as to the other joint defendant, until he is brought in at some future term. The

[Soria *v.* The Planters' Bank.]

common counts, therefore, must be discontinued, if judgment is taken upon the count on the note. According to all the authorities, that discontinuance must appear by the entry of a *nolle prosequi* upon the record, and it is going beyond the authorities to consider the taking a judgment upon one count as a discontinuance by operation of law of the others. But here, the judgment is not taken on the count upon the note alone. It is a general judgment on all the counts in the declaration. It is as much a judgment, and as certainly a judgment upon the account stated, and on the money counts, as upon the first count. The presumptions which support the judgment, and which arise with certainty from it, are, that the clerk received evidence of witnesses to support the counts. This he was not warranted to do. The judgment is, therefore, erroneous.

· He cited Rev. Code, 102, 4; Wendell, 410; 1 Saund. Rep. 207, *a.* 6; Opinion Book, 106, 107; 3 Saunders, 171 (*a*); 6 Cowen, 40; 1 Alabama Rep.

Hughes, for defendant.

The first error assigned by the plaintiff in error is,

The action ought to have been a joint action against all the parties, drawer and endorsers, to the note sued on, instead of an action against Soria alone.

To this we say, that there was a judgment by default, which was final on the last day of the term, and if the objection would have been a good one at any stage of the proceedings, it is too late after judgment by default. The objection is cured by the statute of jeofails. Rev. Code, 124, 5, sect. 91.

The words of the statute applicable to this question are: " Neither shall any judgment, entered by *nil dicit* or *non sum informatus,* be reversed, nor a judgment after inquiry of damages be stayed or reversed, for any omission or fault which would not have been a good cause to stay or reverse the judgment if there had been a verdict." And the same section, in a previous paragraph, declares that, "no judgment, after the verdict of twelve men, shall be stayed or reversed for any defect, &c., or for any other defect whatsoever, in the declaration or pleading,

whether of form or of substance, which might have been taken advantage of by demurrer, and which shall not have been so taken advantage of." These provisions would seem to be broad enough to cover all cases, and embrace the present judgment.

But it has been said, that in this case there is a judgment by default, which is not embraced in the terms *nil dicit,* or *non sum informatus,* and that therefore the defect is not cured by the statute. We admit that there is not a judgment by *non sum informatus,* but there is in fact and substance a judgment by *nil dicit.* This will be made manifest by a recurrence to the English authorities.

The statute 4 Anne, c. 16, provides "That all the statutes of jeofails shall be extended to judgments which shall be entered upon confession, *nil dicit,* or *non sum informatus.*" 1 Bacon's Abr., tit. Amendment and Jeofails, (B.) 201.

The author, immediately after transcribing the statute, goes on to say: " In the construction of this statute it has been adjudged, that it extends to protect judgments by default," &c., and in support of the doctrine laid down by him he refers to 1 Strange, 78; 2 Strange, 933; 2 Burr. 899. By a reference to these cases it will be seen that the judgments in those cases were cases of judgment by *nil dicit,* but the court in each of the cases speak of them, as *judgments by default.* From this we draw the conclusion either that the term judgment by default is improperly used and confounded with the term *nil dicit,* or that there is no distinction between them. The latter is the truth; a judgment by default or *nil dicit;* so where the defendant puts in no plea at all to the plaintiff's declaration. Jacob's Law Dict. tit. Judgment, 552. By the English practice, in actions at law there could be no judgment until there was an appearance. 1 Sellon's Practice, 90, sect. 3.

The reason of this was founded on the mode of obtaining jurisdiction originally by the courts. The party was first to be taken upon a plea of trespass, *ac etiam,* at the suit of A. B. &c., and when brought in or compelled to give bail, he was then in the custody of the marshal and might be declared against at the suit of A. B. under the *ac etiam,* and after declaration being in court it was a default to fail to plead within the time prescribed by the

[Soria *v.* The Planters' Bank.]

rules of the court, and a judgment was taken against him by *nil dicit,* or because he said nothing. Sellon's Practice, 33, 35, 61.

In our courts the proceeding is not like that just mentioned, but the result is the same. The party is served with process, and upon such service is bound to be in court and plead, and on failure, judgment is rendered against him by default. The form of the judgment is, " and the defendant though solemnly called came not, but makes default. It is therefore considered by the court," &c. Makes default? In what manner? He has been served with process, and is bound to appear but does not. He says nothing in bar of the plaintiff's cause of action. This analysis of the judgment shows most conclusively what is meant by the term judgment by default. It is not that it is a term distinct and different from *nil dicit,* but is a circumstance which precedes and authorises the judgment by *nil dicit.* The party says nothing when the law, by the service of process, has afforded him an opportunity, and therefore there is judgment against him, and this is called a judgment by *nil dicit,* and it is sometimes termed a judgment by default, because it is preceded by a default or failure in the defendant to do that, which by law he might have done. And in this sense the term is used in the cases referred to by Bacon in 1 and 2 Strange, and in 2 Burr.

The using the term "by default," in the 67th section of the circuit court law, Rev. Code, p. 120, in addition to the term *nil dicit,* can make no difference, cannot change the matter. If the term judgment by default is included in the term judgment by *nil dicit,* then the using the former will be surplusage, and the provision of the 67th section is not strengthened by its use, or the 91st sect. weakened by its omission.

The second error assigned is, judgment rendered by default upon a special count, without discontinuance upon the money counts. This we will not discuss. Gridley *v.* Brigs, Lacoste & Co., 2 Howard's Rep. 830.

Mr. Justice PRAY delivered the opinion of the court.

The first error assigned is, that the action ought to have been a joint action against all the endorsers mentioned in the declaration. The question here presented was fully argued and adjudged

[Soria v. The Planters' Bank.]

at the present term, in the case of J. H. Lyle v. The Planters' Bank, and we refer to the reasoning in that case as decisive of the present question. In that case it was decided that a suit against a less number than the whole, was well brought.

The second question is precisely the same as that decided in the case of Gridley v. Brigs, Lacoste & Co., at the last January term.

The action here was a case upon a promissory note, in the court below. The declaration contained a special count on the note, the usual money counts, with an *insimul computassent.* No bill of particulars was filed with this declaration, except what refers to the promissory note declared on.

Judgment by default was rendered, without a discontinuance of the common counts, and damages assessed by the clerk. This assessment is complained of, and the cause brought before us on a writ of error.

It was contended for the plaintiff in error, that each common count contained at least one item so plainly and particularly described therein, as to entitle the plaintiff below to give evidence under it.

As an illustration, it was said that the count for money loaned states, " That on the first day of March, 1838, at the county aforesaid, the defendants were indebted to the plaintiff in the further sum of 8000 dollars, &c., for so much money before that time lent and advanced, &c.

It was urged in argument, that under this statement in the count, a single loan made anterior to the time stated in the count, for the sum of 8000 dollars, could be legally proved without any bill of particulars.

This reasoning we deem erroneous, as applicable to the count under consideration, and not less so in relation to all the common counts. The account required by the statute to be filed with the declaration of the plaintiff, must state distinctly the several items of his claim against the defendant. And here we regard the particular date of the item, as a necessary part of that distinctness of item, which the statute requires.

First. Because it is necessary to enable the defendants to prepare their defence, which was undoubtedly one of the primary objects of the legislature in passing the act.

[Soria *v.* The Planters' Bank.]

Secondly. That the account should remain on the records of the court, as a protection for the defendant against any subsequent action for the same cause.

A general statement of account filed with the count for money loaned, "that the defendant was, before a particular day mentioned in the count, indebted to the plaintiff in 8000 dollars for money before that time loaned," surely, in our judgment, would not be such an account as the statute requires. There is nothing to specify the period of the loan or loans; nor whether these were one or more. If this position be true, and we are satisfied it is so, then no evidence could be given under the same statement in a common count.

Under the reason of the statute, upon which we have before commented, there is no ground to distinguish the case of an *insimul computassent* from any of the other common counts; the items of the account adjusted, must be filed with the declaration, or evidence of them will be excluded; and proof of an acknowledgment of all the items which made up an account-stated, must be shown, or something tantamount thereto.

We are satisfied of the correctness of the opinion of the court in the case of Gridley *v.* Brigs, Lacoste & Co., and shall decline, under our present impressions, to disturb it.

The judgment below must be affirmed with damages and costs.