I. REINHARDT *v.* CARTER, STEWART & Co.

1. PRACTICE—AFFIDAVIT—EFFECT OF TO OPEN ACCOUNT, CODE 1871, § 782.—This statute makes the affidavit *prima facie* evidence of the correctness of the account and the indebtedness, and entitles the plantiff to judgment, unless the defendant shall file with his plea an affidavit that the account is not correct ; in which event the plaintiff's affidavit shall not be evidence, except for so much of the account, as defendants admit to be due. This statute names the justice of the peace of this State or any other State or territory, as the officer authorized by law, to administer oaths and affidavits as to correctness of accounts.

2. SAME, § 800.—This statute empowers the Governor to appoint commissioners residing in the other States and Territories, " who shall have full power to administer oaths and affidavits, * * * to be used in this State, * * * and their acts shall be as effectual in law, as if done and certified by any officer thereto duly authorized in this State." These two sections should be construed as of *pari materia*, the one as authorizing the affidavit before a justice of the peace within the State ; the other before a commissioner in another State. Griffing v. Mills, 40 Miss. Rep., 616.

3. EFFECT OF THESE STATUTORY PROVISIONS, ETC.—The effect of these statutory provisions, is to give an account with the oath attached, the advantages of, being thereby *prima facie* true, and that the defendant shall not be permitted on the trial, to assail it as untrue and incorrect, unless by affidavit he denied it, in whole or in part. ' If the defendant makes the affidavit, then the *prima facie* correctness imputed by the plaintiff's affidavit is done away with, and the plaintiff must sustain his account by other evidence. The privilege conferred by these statutes, does not alter the law of pleadings, but gives effect to the affidavits of the respective parties on the trial.

Error to the circuit court of Warren county.   Hon. GEO. F. BROWN, Judge.

The opinion of the court contains a sufficient statement of the case.

*Adam & Speed*, for plaintiff in error:

Section 782, of the Code of 1871, entitles the plaintiff to a trial term in a case like this, only when an affidavit under said section has been attached to the account sued on, made before a *justice of the peace.*   This statute is in derogation of the common law, and must be strictly construed. ' The court undertook to render a judgment by default, which was utterly null and void,

*W. B. Pittman and T. C. Catchings*, for defendants in error:

The action of the court below, in admitting the affidavit to the account and rendering judgment was correct.   Rev. Code, 1871, §§ 782, 800 , Griffing v. Mills, 40 Miss., 616.

SIMRALL, J. delivered the opinion of the court:

The plaintiff sued upon an open account for goods, wares and merchandise, sold and delivered to the defendant.

One of the plaintiffs, in the city of New York, made an affidavit before a commissioner of this State, resident in the State of New York, that the account was correct, and was due from the defendant, which was attached to the account filed with the declaration.   Section 782 of the code of 1871 makes the affidavit *prima facie* evidence of the correctness of the account and the indebtedness, and entitles the plaintiff to judgment, unless the defendant shall file with his

plea an affidavit that the account is not correct, in which event the plaintiff's affidavit shall not be evidence, except for so much of the account as defendant admits to be due. At the return term of the writ, the defendant pleaded non-assumpsit, but did not file a counter affidavit with his plea.

It is assigned for error that the court rendered judgment for the plaintiffs, because they did not bring their case within section 782, for the reason that the statute prescribes that the affidavit must be made before " a justice of the peace of this State, or any other State, or the United States." (It seems to have been an inadvertency in supposing that there was such a magistrate under the United States.)  On the other hand, it is contended that section 800, p. 164, conferred upon the commissioner authority to administer the oath. It empowers the Governor to appoint commissioners residing in the other States and Territories, and in the District of Columbia, " who shall have full power to administer oaths and affirmations  *  *  *  to be used in this State,  *  *  * and their acts shall be as effectual in law as if done and certified by any officer thereto duly authorized in this State." The scope of the language is broad enough to include any oath or affirmation that may in similar circumstances be administered by any magistrate of this State, and the act is declared to be as effectual as if done by an officer thereto duly authorized in this State.   Section 782 names the justice of the peace as the officer to administer the oath as to the correctness of the account.   The other section makes all oaths administered by the commissioner in another State, for use in this State, of the same virtue as if taken by the very officer indicated by law to administer that oath in this State.

We cannot doubt, then, that plaintiffs could make the affidavit before the commissioner in New York, which would give them all the benefits that could have been obtained, if the oath had been taken before a justice of the peace here.

The two sections should be construed as of *pari materia*—

one as authorizing the affidavit before a justice within the State; the other before a commissioner in another State. This rendering of the statutes is warranted by Griffing v. Mills, 40 Miss. Rep., 616, 617.

At the trial term of the cause, the court rendered a judgment for the plaintiff, because, as recited by the court, the "defendant had failed to make affidavit and file it with his plea that said account, or any part thereof, is not correct." At the return term of the writ, the defendant had filed the plea of the general issue.

The statute, section 782, makes the affidavit of the plaintiff "*prima facie* evidence of the correctness of the account and indebtedness of the defendant," and shall entitle the plaintiff to judgment at the trial term of the suit, unless the defendant shall make affidavit, and file with his plea, that the account is not correct, in which event the affidavit to the account shall not be evidence except to entitle the plaintiff to judgment for such part of the account as defendant, by his affidavit, may admit to be due. The obscurity of the language involves the intent in some doubt. The circuit court was of opinion that, inasmuch as the defendant did not deny, by affidavit, the "correctness of the account," the intendment was, "that the plaintiff was entitled to the judgment" without the intervention of the jury. Section 631 requires the pleadings to be made up within the three first days of the return term, unless, by rule, or by permission, the time is extended; issues of fact, except dilatory pleas, are adjourned to the next term for trial. Issues upon the merits shall not be tried at the return term without consent of the parties.

The plea of non-assumpsit put the parties at issue for decision at the trial term, unless for want of the affidavit by the defendant, the plea could be treated as a nullity, and judgment rendered as though there was no plea. We think that section 782 meant to give an account, with the oath attached, the advantages of being thereby *prima facie*

true, and that the defendant should not be permitted on the trial to assail it as untrue and incorrect, unles by affidavit, he denied it in whole or in part. If the defendant makes the affidavit, then the *prima facie* correctness imparted by the plaintiff's affidavit is done away with, and the plaintiff must sustain his account by other evidence. The affidavit referred to in the statute affects the question of the value of the account as evidence. If this case had been submitted to a jury, the plaintiff's affidavit was competent evidence to prove the indebtedness; nor could the defendant have been admitted to prove the account untrue in the absence of an affidavit. The statute, in this special cause of action, meant to allow the *ex parte* affidavit of the plaintiff to be *prima facie* proof of the account, and to dispense with his oral testimony on the trial, or his deposition, or other proof. If, however, the counter affidavit is made, the plaintiff's oath is nullified, and the cause of action must be proved as in other cases.

We think that the defendant was entitled to go to the jury, on the issue made by his plea. Upon the trial the plaintiff's affidavit, by reason of the statute, would have been evidence in favor of the plaintiff, and would have entitled him to the verdict.

Another view derived from the statute in aid of this interpretation, is that the pleas, without the affidavit, postpones the case, from the appearance, to the next succeeding term; for the plaintiff cannot have judgment until the " *trial term.*" The law requires issues of law, and upon dilatory pleas to be settled at the appearance term.

The privilege conferred by the statute, does not alter the law of pleading, but gives effect to the affidavits of the respective parties, on the trial.

The judgment is reversed, and cause remanded for further proceedings.