EDWARD L. BOWER *v.* G. HENSHAW ET AL.

1. PRACTICE. *Account sworn to.* § 782, *Code* 1871. *Its object and effect.*
   The sole object of § 782 of the Revised Code of 1871 is to dispense with proof of the original correctness of the account, except when the defendant shall give notice, by his affidavit, that he proposes to deny it. Its only effect is to make the account, to some extent, an account stated.

2. SAME. *Plea, when to be verified by affidavit.*
   Under § 782 of the Revised Code of 1871, only such pleas as are intended to put in issue the original correctness of the account sued on, or some of its items, are required to be verified by affidavit.

3. PRINCIPAL AND AGENT. *Ratification. Evidence.*
   Where attorneys at law have taken the assignment of a judgment against a third party in payment of a claim in their hands for collection, and several years have elapsed since such assignment, without objection by the client to such settlement of his claim, it is proper to submit to the jury, under instructions, the question whether such conduct of the client was not a ratification of the act of his attorneys.

ERROR to the Circuit Court of Yazoo County.

Hon. W. B. CUNNINGHAM, Judge.

This action was commenced by the defendants in error against the plaintiff in error, on the 16th of July, 1873, upon an open account, dated in 1861, for goods sold and delivered. To the plaintiffs' declaration in the court below, the defendant pleaded the general issue, payment, and the Statute of Limitations. The defendant filed a statement of particulars under the plea of payment, to the effect, that on the 14th of February, 1867, a judgment in favor of E. L. Bower, the defendant, against

John Hudson, in the Circuit Court of said county, was transferred by the defendant, in payment of the plaintiffs' claim, then held by Hudson & Nye, his attorneys, and that said claim was given up to the defendant, receipted by one of said attorneys in the name of the firm of Hudson & Nye. He also gave notice, under the general issue, that he would offer to prove the same facts set forth in the statement of particulars made under the plea of payment, and would produce said original claim receipted as above stated; and offer to prove that after the transfer of said judgment the defendant never exercised any control over it, but that it was solely under the control of counsel representing the plaintiffs.

At the May Term, 1875, of said court the cause came on for trial before a jury. The plaintiffs read in evidence several depositions and rested their case. The defendant then read in evidence two depositions and examined one witness. No objection was made by the plaintiffs to the introduction of this evidence. The plaintiffs then made a motion to exclude the defendant's testimony from the jury, because the correctness of the account sued on was sworn to by the plaintiffs, and the defendant had filed no affidavit with his plea, that the account sued on was incorrect. This motion was sustained, and the defendant excepted, and brings the point to this court by bill of exceptions.

The evidence excluded from the jury was in substance: That one Richardson, claiming to be the agent of the plaintiffs in the court below, placed the claim here sued on in the hands of Hudson & Nye, attorneys at law, for collection; that in the year 1867, Nye, of the firm of Hudson & Nye, with the approval of Richardson, accepted the assignment of a judgment in favor of the defendant, against one John Hudson, in payment of the plaintiffs' claim; that said claim was receipted in the name of Hudson & Nye, as attorneys, and the receipt delivered to the defendant; that the defendant had not exercised any control over said judgment since said assignment, but it had been under control of said attorneys; and that the defendant never heard any objection from the plaintiffs to the settlement of said claim made by the attorneys till the commencement of this suit.

Several errors were assigned by the plaintiff in error; but the only one passed upon by this court was, " that the court erred in sustaining the plaintiffs' motion to exclude the defendant's testimony from the jury."

*A. M. Harlow*, for the plaintiff in error.

The main point and the one which is decisive of this whole case is, that the court erred in sustaining the plaintiffs' motion to exclude the defendant's testimony from the jury. When § 782 of Rev. Code 1871 was enacted, was it contemplated that the other provisions relating to the subject of pleading in our Code were thereby repealed; and that, when the account sued on is sworn to, the defendant shall not be permitted to rely on any plea not sworn to? The intention of the law-giver is deduced from a view of the whole statute taken together. 1 Kent (8th ed.), 510; Co. Litt. 381. Our statutes provide that, in actions for any debt or demand, " it shall be lawful for the defendant to plead payment at or after the time when the same became due, or at any time before action brought, and under such plea to prove any payments that have been made, in part or in full of the sum demanded." Rev. Code 1871, § 603.

A statute ought upon the whole to be so construed that, if it can be prevented, no clause, sentence or word shall be superfluous, void or insignificant. 6 Bac. 380; 1 Munf. 205. Was it the intention of the legislature, that, if the account sued on is correct but has been paid, the defendant shall not be allowed to defend his suit, unless he will make affidavit, with his plea, " *that the account is not correct.*" This would be to require the defendant to swear falsely, and to say to him, that, unless he commits perjury, he shall not be permitted to defend in a suit on an account which he says has been paid. The proof of payment alluded to in § 603, Rev. Code 1871, is not to be made by affidavit filed with the plea, but by evidence on the trial.

*D. Jones*, for the defendant in error.

1. This suit is on an open account sworn to as authorized by Rev. Code 1871, § 782. The defendant filed no counter affidavit denying the justice and correctness of the plaintiffs' account.

2. An attorney has no right to compromise the claim of his client. *Fitch* v. *Scott*, 3 How. (Miss.) 314. Nor has he a right to receive any thing in payment of his client's claim, except legal currency. *Garvin* v. *Lowry*, 7 S. & M. 24; *Scott* v. *Keller*, 2 S. & M. 81; *Wenans* v. *Lindsey*, 1 How. (Miss.) 577; *Gasquet* v. *Warren*, 2 S. & M. 514. If the attorney receives in payment of his client's claim a judgment against another person, it is no payment, and the client may disregard it. *Clark* v. *Kingsland*, 1 S. & M. 248. The proof shows the plea of payment unfounded. *Clark* v. *Kingsland*, *ubi supra*.

3. In an action on an open account sworn to, a general denial, on affidavit of the defendant, to the correctness of the account sued on, shall be insufficient to put the plaintiff to proof, except as to the correctness of items specified in the counter affidavit. Acts 1875, ch. 117, p. 161.

*Nugent & Mc Willie*, on the same side.

*W. L. Nugent* argued the case orally.

CHALMERS, J., delivered the opinion of the court.

Henshaw & Sons brought suit against Bower on an open account verified by affidavit of its correctness in accordance with § 782 of the Code. The defendant pleaded *non assumpsit*, payment and the Statute of Limitations; and under his plea of payment gave notice of special matter amounting substantially to an accord and satisfaction. On the trial, after the testimony had closed, and the parties were about to go to the jury, the plaintiffs made and the court sustained a motion to exclude all the defendant's testimony from the jury, because the correctness of the account sued on was sworn to, and the defendant had filed with his plea no affidavit that the account sued on was incorrect. Code, § 782. The evidence of the defendant thus excluded related solely to his plea of payment, and was intended to show that the account sued on had been discharged by an arrangement between the defendant and the plaintiffs' attorneys, by virtue of which, there had been transferred and accepted in payment of the account a judgment held by the defendant against one Hudson.

In the absence of any affidavit denying the correctness of the account sued on, was this or any other evidence admissible,

or rather were not the plaintiffs, in accordance with the terms of the statute, entitled to a judgment? The statute provides that where suit is brought upon an open account, verified by the affidavit of the plaintiff, he shall be entitled to judgment at the trial term of the suit, unless the defendant shall file with his plea an affidavit that the account is not correct, in which event the affidavit to the account shall not be evidence, except to entitle the plaintiff to judgment for such part of the account as the defendant by his affidavit may admit to be due. Rev. Code, *ubi supra.*

As broad as this language seems, we think that it does not require an affidavit with the plea, except where the original correctness of the account or of some of its items is attacked. The sole object of the statute is to dispense with proof of the original correctness of the account, except where the defendant shall give notice by his affidavit that he proposes to deny it. Its only effect is to make the account to some extent an account stated. But if the construction placed upon it by the learned judge below is correct, it would make a sworn account more valuable in some respects than a promissory note, since to the latter no plea save that of *non est factum* is ordinarily required to be under oath, while to the former no unsworn plea whatever would be admissible. We think that under the statute we are considering such pleas only as are intended to put in issue the original correctness of the account sued on are required to be verified by affidavit. It follows that the court below erred in excluding the defendant's testimony under the plea of payment.

It is insisted on behalf of the defendants in error that, even though there was error in the exclusion of testimony, there will be no reversal, because the result would not have been changed by its admission. This proceeds upon the idea that the attorneys of Henshaw & Sons, having had no authority to accept any thing but money in payment of the account, their clients were not bound by the acceptance of the transferred judgment, and that hence the excluded testimony was irrelevant. It is true that an attorney at law, without special authority, can accept nothing but money in satisfaction of a claim placed in his hands for collection; but in the case at

bar several years elapsed after the acceptance by the plaintiffs' attorneys of the transferred judgment before the institution of this suit ; and it may well be said that this amounted to a ratification of the attorneys' act. At all events, this question should have been submitted under proper instructions to the jury.

*Judgment reversed, and cause remanded for new trial.*