PARKER *v.* THORNTON.

In Banc. May 23, 1949.

(40 So. (2d) 538)

**E. H. Ratcliff,** for appellant.

**L. L. Forman,** for appellee.

**Smith, J.**

Section 1754, Code of 1942, provides that "A person desiring to institute suit upon an open account in his favor, may make affidavit to the correctness of such account, and that it is due from the party against whom it is charged; and in any suit thereon such affidavit attached to the account shall entitle the plaintiff to judgment at the trial term of the suit, unless the defendant make affidavit and file with his plea that the account is not

correct, particularizing wherein it is not correct, in which event the affidavit to the account shall entitle plaintiff to judgment only for such part of the account as the defendant by his affidavit shall not deny to be due; . . .''

██ This statute is a rule of evidence and not one of pleading and practice. Griffith v. Goodin, 202 Miss. 548, 32 So. (2d) 743, 744. In our opinion there, we said: ''. . . since appellee, as plaintiff below, offered no competent proof to establish either the correctness of his claim against appellant or the liability of the latter therefor, his motion for a peremptory instruction should have been sustained. Accordingly, it was also error to overrule appellant's motion for a new trial.''

In the case at bar, appellant, as plaintiff in the court of a justice of the peace, filed an open account to which was attached the statutory affidavit to her claim against appellee, who filed a counter affidavit denying that ''. . . such articles or any of them were purchased and charged as alleged by the plaintiff. The defendant, therefore, demands proof of plaintiff as to the purchase of each and every item appearing in said account.'' Appellant recovered judgment against appellee in the court of the justice of the peace, and the latter party appealed to the circuit court.

In the trial of the cause in that court, appellant appeared as a witness in her own behalf, and, while on the witness stand and being interrogated by her counsel, was asked, among other questions, if the account was a true and correct statement. Before she could answer, counsel for appellee objected, and, after some argument back and forth, interposed the following: ''Comes now the defendant and object to any testimony from the original entry as purportedly shown by the plaintiff in this case for the reason same does not meet the requirements of the statute, that requirement being that an account must be itemized, and this is not an itemized account according to the statute.'' The court, at that point, said: ''I don't see a

single line with one article." Thereupon appellee's counsel stated: "That is our objection. We object to any further testimony and ask for a directed verdict on that ground." And the court said: "Sustained, judgment for the defendant." The plaintiff appealed here, and assigns this action of the court below as reversible error.

It is to be borne in mind that the sole object of the statute is to dispense with proof of the original correctness of the account when sworn to, unless defendant shall deny it by affidavit as therein provided. Reinhardt v. Carter, 49 Miss. 315; Bower v. Henshaw, 53 Miss. 345.

In the case of Griffith v. Goodin, supra, no proof of the account was offered or attempted to be introduced on behalf of the plaintiff. ▉▉ In the instant case, appellant, as plaintiff, was herself actually testifying in accordance with the rule, when affidavit to account is met by counter affidavit denying it. Appellee's counter affidavit itself specifically demanded proof "as to the purchase of each and every item appearing in said account." The statute establishes a rule of evidence within the purview of its purpose, but it does not change the rules of evidence otherwise. What further proof appellant would offer, in addition to that she had already made, without objection before being stopped by the court's announcement, the record, of course does not disclose, since she was silenced by the court in the midst of her testimony. Before she had rested her case, judgment was rendered against her,— which cut off any further evidence by her or in her behalf.

We are of the opinion that this was reversible error, and that because of it, the judgment of the circuit court must be reversed, and the cause remanded for a new trial.

As to the second assignment of error, we deem it unnecessary to discuss it, because its basis is not likely to recur on a retrial.

Reversed and remanded.