PHILLEY *v.* TOLER

No. 40335            June 10, 1957            95 So. 2d 783

514

*Allen & Allen*, Indianola, for appellant.

*Lyon, Davis & Cook,* Indianola, for appellee.

518

Holmes, J.

The appellee, plaintiff below, brought this suit in the Circuit Court of Sunflower County against the appellant, defendant below, on an open account, demanding originally the sum of $9,959.34. The plaintiff by amendment later reduced his demand to $9,758.21, and thereafter, by a further amendment, allowed certain credits on his account reducing his demand to $7,729.59. The defendant filed an answer and cross-bill wherein he denied any indebtedness to the plaintiff and asserted a counterclaim against the plaintiff for an alleged overpayment in the original sum of $3,073.35, and later by amendment, in the sum of $3,183.94, and later by a further amendment, in the sum of $3,255.50. The defendant's proof on the trial fixed the amount of his claimed overpayment at $2,558.22. The defendant incorporated in his answer a plea in abatement, alleging the non-joinder of the Gulf Refining Company as a necessary party to the suit. This affirmative plea was overruled by the court and the parties were permitted to introduce proof as to the merits of their respective claims. At the conclusion of the evidence, the case was submitted to the jury under instructions which left to the determination of the jury the state of accounts between the parties and the question of indebtedness, if any, owing by the one to the other. The jury returned a verdict in favor of the plaintiff for $3,850.00. From this judgment the appellant prosecutes this appeal and the appellee has prosecuted a cross-appeal.

The litigation arose out of business relations between the plaintiff and the defendant extending over a long

period of years beginning in 1937 and ending May 7, 1954. The defendant and his brother were owners of a vacant lot in Indianola. They leased this lot to the Gulf Refining Company under a contract whereby they obligated themselves to construct a service station building on the lot to be operated by the defendant and his brother. The contract provided a rental of $30 per month to be paid the defendant and his brother, which appears not to have been paid but in lieu thereof the plaintiff allowed the defendant one-half cent per gallon on gasoline purchased. The building was constructed and the operation of the service station was thereafter begun by the defendant and his brother, and later the brother sold out to the defendant and the defendant continued to operate the service station. The plaintiff was a distributor for the Gulf Refining Company in the area of Indianola.

Throughout the period of the operation of the station by the defendant from 1937 to May 1954, he purchased from the plaintiff certain products of the Gulf Refining Company such as gasoline, oil, tires, tubes and allied products of the Gulf Refining Company. The undisputed proof is that these products were shipped to the plaintiff by the Gulf Refining Company on consignment, and that the plaintiff became solely responsible to the Gulf Refining Company therefor, and that the plaintiff sold direct to the defendant, and that the Gulf Refining Company had no interest whatever in the claim asserted in this suit against the defendant. The evidence further shows that at first the transactions between the plaintiff and the defendant were on a cash basis but that later on the plaintiff began to extend to the defendant credit on his purchases. It is out of this operation and relationship that this suit arises. It is admitted by the defendant that he kept no books or records showing the state of accounts between him and the plaintiff, and that for the establishment of his counterclaim he relied largely upon the books and records of the plaintiff. The accounts of

the respective parties filed in this action are lengthy and the pleadings and exhibits are voluminous, and we shall refer to only such portions thereof as may be pertinent to this decision.

The appellant has assigned numerous grounds for the reversal of the judgment of the court below, and among them are: (1) That the court erred in overruling his plea in abatement based upon the non-joinder of the Gulf Refining Company; (2) that the court erred in overruling his motion for a continuance made just prior to entering upon the trial of the case; (3) that the court erred in admitting in evidence over his objection 1173 invoices attached by amendment to the account of the plaintiff when it appeared that many of them were copies and the absence of the originals was not accounted for, and (4) that the court erred in refusing the appellant's request for a directed verdict on his counterclaim.

We find no merit in the appellant's contention that the court erred in overruling the plea in abatement. The undisputed evidence shows that the Gulf Refining Company shipped its products to the plaintiff on consignment, and that the plaintiff became solely responsible to the Gulf Refining Company therefor, and that the defendant made his purchases direct from the plaintiff. Further, the defendant admitted in his motion to require the plaintiff to permit the defendant to inspect the records of the plaintiff that "the basis of this lawsuit is charges and credits growing out of his operation of a filling station in Indianola, Mississippi, for the period covered by this lawsuit and in which he bought from the plaintiff certain gasoline, oil, tires, tubes and allied products, and paid for same from time to time." It is manifest to us from the evidence, therefore, and from the defendant's own admission that the Gulf Refining Company was not interested in the lawsuit and was not a necessary party thereto.

In passing upon the appellant's assignment that the court erred in overruling his motion for a continuance made just prior to entering upon the trial of the case, consideration should be given to the statutes governing actions on open account and the interpretation placed thereon by our decisions.

Section 1469, Mississippi Code of 1942, provides: "There shall be annexed to or filed with the declaration in every case founded on an open account, a copy of the account or bill of particulars of the demand; . . . . and evidence thereof shall not be given on the trial unless so annexed or filed. . . . ."

Section 1754 of the Code of 1942 provides: "A person desiring to institute suit upon an open account in his favor, may make affidavit to the correctness of such account, and that it is due from the party against whom it is charged; and in any suit thereon such affidavit attached to the account shall entitle the palintiff to judgment at the trial term of the suit, unless the defendant make affidavit and file with his plea that the account is not correct, particularizing wherein it is not correct, in which event the affidavit to the account shall entitle the plaintiff to judgment only for such part of the account as the defendant by his affidavit shall not deny to be due. . . . ."

The meaning, purport and purpose of these two sections are well established under the prior decisions of this Court.

■■■ "The accounts contemplated by these two sections of the Code are itemized accounts. They must show the dates of purchase, the kind of goods, the quantity and the price." Finch & Co. v. Brewer, 133 Miss. 9, 96 So. 402.

■■ "In an action on an open account, it is not sufficient to file with the declaration merely a statement of the amounts of invoices or bills rendered, but there

must be a copy of the account sued on, showing the items which compose it.'' Pipes, et al. v. Norton, 47 Miss. 61

''The sole object of the statute is to dispense with proof of the original correctness of the account when sworn to, unless the defendant shall deny it by affidavit filed with his plea.'' Reinhardt v. Carter, Stewart & Co., 49 Miss. 315, Bower v. Henshaw, 53 Miss. 345; Parker v. Thornton, 206 Miss. 662, 40 So. 2d 538.

''The statute prescribes a rule of evidence and not one of pleading and practice.'' Gulf & S. I. R. Co. v. Kelly, 131 Miss, 133; 95 So. 131, 97 So. 813. Sanders and Alexander, Inc. v. Jones, 221 Miss. 143, 72 So. 2d 240.

In the case of Tishner v. Woodburn Sarben Wheel Co., 54 Miss. 589, it was held that notwithstanding the fact that the itemized account supported by proper affidavit precludes the defendant in the absence of a proper affidavit from questioning the individual items of the account, the plaintiff is still required to prove liability on the account. In other words, as said by the Court in the Tishner case, the relation of the defendant as debtor on the account must be proved in such case, ''but if he is shown to be debtor for any part of said account, he shall not be permitted under the general affidavit to question any of the items of the account.''

In the case of Gulf & S. I. R. Co. v. Kelly, supra, the Court held that the duly itemized account supported by proper affidavit gives to the account thus sworn to conclusive effect as evidence unless the defendant shall controvert its correctness by counter affidavit as provided in the statute; ''but said statute does not provide a rule of pleading and practice but a rule of evidence, and, where the defendant fails to file the affidavit provided by the statute, he is not cut off from making any and all defenses to plaintiff's action.''

In the case of Stockstill v. Gersen, 35 So. 2d 60, the counter-affidavit filed by the defendant was very simi-

lar to the counter-affidavit filed by the defendant in the case at bar. In the Gersen case the defendant alleged in his counter-affidavit that ''he did not owe plaintiff the amount sued for or any part of it because he did not order, buy, or receive the merchandise listed in the action against him.'' In the case at bar, the counter-affidavit of the defendant averred ''that he did not order and get any of the items for which suit was filed.'' In the Gersen case, the Court held the counter-affidavit to be an insufficient counter-affidavit, and that the defendant did not thereby base his challenge to liability on the correctness of the individual item, but denied liability for the whole because of the reasons stated. The Court further said: ''It was, therefore, not necessary to treat with each separate item singly.''

In the case of Savell v. Schultz-Baujan & Co., 213 Miss. 427, 57 So. 2d 151, it was contended that the plaintiff's account was not sufficiently or properly itemized. The Court held that there was no merit in the contention since the itemized account gave the invoice number, and there was attached to the declaration copies of the invoices themselves, which showed the dates of the purchases, the kinds of goods shipped, the quantities and the prices, and that the account also showed all proper credits. The Court said: ''The copies of the invoices attached and the credits shown on the account constituted a full bill of particulars within the meaning of Section 1469, Code of 1942.

In the light of the foregoing statutes and the decisions of this Court interpreting the same, we consider pertinent portions of the pleadings filed in this cause.

The appellee's original declaration was filed on August 4, 1954, and there was exhibited thereto a purported itemized statement of account, consisting of two and one-half typewritten pages and accompanied by approximately 138 invoices.

On March 5, 1955, the appellant filed his answer and counterclaim wherein he denied any indebtedness to the appellee and asserted that he had overpaid the appellee to the amount of $3,073.35, and he exhibited to his answer what purported to be an itemized statement of his counterclaim, consisting in the main of invoice numbers, giving the dates of such invoices, and charges and credits. No invoices were attached to this account. At the same time, the appellant filed a counter-affidavit averring "that he does not owe the account here sued on or any part thereof, nor any item therein, and that all such items are incorrect and not proper charges against this affiant, and that he did not order and get said items sued for in this case; and affiant says that he has paid plaintiff everything he owes him and that none of said charges are properly charged to this affiant."

On September 8, 1955, the appellee, by leave of court, filed an amended declaration to which he attached a purported itemized statement of account consisting of some 38 typewritten pages, containing more than 1,000 debits, setting forth invoice numbers, but no invoices were exhibited thereto or filed therewith.

On January 31, 1956, the appellant filed a counter-affidavit denying the correctness of the appellee's amended account and averring that he did not order and get any of the items for which suit was filed, and further averring that he had paid for all items which he purchased and in fact had overpaid the plaintiff to the amount of $3,183.94.

On March 5, 1956, the appellant, by leave of court, filed an amended counterclaim showing a claimed overpayment of $3,255.50, and consisting of an itemized statement of account showing purchase dates, invoice numbers, number of gallons of gasoline purchased, invoice, numbers as to oil purchased, amount of each invoice, credit by courtesy cards, checks of the defendant and dates of checks alleged to have been applied on his account

with the plaintiff. This account was not accompanied by an affidavit of its correctness.

On March 5, 1956, the appellee filed his answer to the appellant's counterclaim, denying that he owed the same or that the appellant had paid him for products purchased. This answer was not sworn to and was not accompanied by a counter-affidavit.

Thus it appears that in this state of the pleadings the appellee's amended account was not such as to relieve him of the burden of proving the separate items of his account. Nevertheless, the appellee was granted leave of court, over objection of the appellant, to amend his account by attaching thereto 1173 invoices. Thereupon the appellant moved the court to grant him a continuance upon the ground that he was not prepared to go immediately to trial and make proper defense of the case as presented by the amendment. The court overruled the appellant's motion and required that the trial be thereupon proceeded with. We think this action of the court constitutes reversible error. It is true that the evidence shows that the appellant had access to these invoices from September 1955 to January 1956, and for an additional period of two weeks preceding the trial, but these invoices were not then attached to or filed with the account and were not a part of the pleadings and were, therefore, not admissible in evidence. The appellant should have been granted a reasonable time to examine and consider the invoices after they were by amendment attached to and made a part of the account. Such an examination might well have enabled the appellant to determine whether he could by counter-affidavit challenge the correctness of the separate items of the account and specify wherein the same were incorrect. The amended account without the invoices attached was insufficient to relieve the appellee of the burden of proving the separate items of the account. Pipes v. Norton, supra. The court was correct in permitting the appellee

to amend his account by attaching the invoices thereto. Southern School Book Depository v. Donald, 115 Miss. 465, 76 So. 519. ██ ██ But it was highly prejudicial to the appellant to deny him the benefit of a continuance in order that a reasonable time be afforded him to prepare his defense to meet the case as presented by the amendment.

The appellant further contends that the court erred in admitting over his objection the entire 1173 invoices when it appeared that many of them were photostatic copies and the absence of the originals was not accounted for. We do not pass upon this contention since the case is to be reversed upon other grounds, but in view of the fact that the case is to be retried, we deem it appropriate to say that upon a retrial of the case the appellee's account, if properly itemized, with invoices or photostatic copies of invoices attached, showing the dates of the purchases, the kinds of goods purchased, the quantities, and the prices and proper credits, and accompanied by an affidavit to its correctness, and that it is due from the party against whom it is charged, would, in the absence of a counter-affidavit that the account is not correct, particularizing wherein it is not correct, be admissible in evidence notwithstanding the fact that some of the invoices attached were shown as photostatic copies. Should a proper counter-affidavit be filed, however, putting the appellee to the proof of the separate items of the account, copies or photostatic copies of invoices would not be admissible except upon a proper showing that they are correct copies and upon a proper accounting for the absence of the originals.

██ ██ The appellant also contends that the court erred in refusing his request for a directed verdict on his counterclaim. We find no merit in this contention. The appellant's amended counterclaim was not accompanied by an affidavit as required by Section 1754, Code of 1942. The appellant, therefore, did not bring himself within

the provisions of this Code Section. We are of the opinion that the appellant's request for a directed verdict on his counterclaim was properly denied.

In view of the conclusion which we have reached, we deem it unnecessary to consider the appellant's other assignments of error.

■■ ■■ The appellee has prosecuted a cross-appeal, contending that the court erred in permitting the appellant to introduce evidence challenging the individual items of the appellee's amended account. The appellant's affidavit to said account denied the correctness of the same, and averred "that he did not order and get any of the items for which suit was filed." This affidavit was nothing more than a denial of liability for the account as a whole and did not challenge the correctness of or liability for the individual items of the account. Stockstill v. Gersen, supra. No further counter-affidavit challenging the individual items of the account was filed by the appellant after the appellee was permitted by amendment to attach to the account the 1173 invoices. The attachment of the invoices rendered the account sufficient to require a counter-affidavit challenging the correctness of the individual items of the account. Savell v. Schultz, Baugan & Co., supra. In order for the court's ruling to be consistent, we think that after he permitted the invoices to be attached to the account, he should not, in the absence of a proper counter-affidavit, have permitted the appellant to introduce evidence challenging the correctness of the individual items of the account, and that it was error for the court to do so.

Accordingly, we are of the opinion that the judgment of the court below should be and it is reversed on both direct and cross-appeal and the cause remanded for a new trial.

Reversed on both direct and cross-appeal, and remanded.

*Roberds, P. J.,* and *Hall, Kyle* and *Gillespie, JJ.,* concur.