PIONEER-HYDROTEX INDUSTRIES, INC. *v.* BARFIELD

No. 42808          November 18, 1963          157 So. 2d 489

*Ben M. Caldwell,* Marks, for appellant.

*E. C. Black,* Marks, for appellee.

RODGERS, J.

Appellant, Pioneer-Hydrotex Industries, Inc., filed its declaration in the Circuit Court of Quitman County, Mississippi, in which it alleged that the appellee, Jim Barfield, owed it $607.10 for goods, wares and merchandise purchased by him. Appellant attached to its declaration an alleged account, duly sworn to by its claims-manager. After defendant, Jim Barfield, was summoned, he filed his answer and denied having purchased wares, goods and merchandise from plaintiff. Defendant did not attach to his plea a counter affidavit, nor did he deny the correctness of the itemized account which was attached to the declaration. The case proceeded to trial, a jury was empaneled, and plaintiff offered the

sworn account in evidence. Defendant objected to the introduction of the account upon the grounds that: (1) The account was not itemized; and (2) the affidavit does not comply with the terms of the statute. The court sustained the objection to the introduction of the account, and when plaintiff failed to offer other evidence, the trial judge sustained the motion for a directed verdict. The court overruled plaintiff's motion for a new trial, and thus this case is here on appeal.

The sworn, itemized account attached to the declaration is in the following words and figures:

"DEBITS

"DATE OF ORDER     October 26, 1959        ORDER NO.    20972

| 2 | 65G | 130 G | 1.49 | DELUXE #220 AERO FLIGHT M.O. SAE 40 | 193.70 |
| 1 | 30G | 30 G | 1.59 | SAME #30 | 47.70 |
| 1 | 30G | 30 G | 1.59 | SAME #20 | 47.70 |
| 1 | 220# | 220# | .36 | DELUXE #813 PMO TRANSMISSION SAE 140 | 79.20 |
| 1 | 30G | 30 G | 3.59 | ESSENTIALUBE | 107.70 |
| | | | | | 476.00 |
| | | | | State Tax 3% | 14.28 |
| | | | .06 | FED. TAX | 13.20 |
| | | | .0075 | FED. TAX | 1.65 |
| 2 | 2 | | NC | Faucets     Order #20971 | 505.13 |
| 1 | 220# | | .45 | DELUXE # 600 Perma Temp. Pres. Gun | 99.00 |
| | | | | STATE TAX 3% | 2.97 |
| | | | | CREDITS | 101.97 |
| | | | | AMOUNT DUE | $607.10" |

Appellee's objection to the introduction of the sworn account is based upon § 1469, Miss. Code 1942, Rec. This Code section provides that no evidence shall be given in court on a suit on an open account unless there shall be annexed to a copy of the account a bill of particulars. Appellee argues that the account is not itemized because it does not show the date of purchase, kind of goods, quality and price. It is also argued by appellee that the letters and figures mean nothing to the average person. Appellee cites 4 C. J. S., Appeal and Error, § 278, p. 837, and Pipes v. Norton, 47 Miss. 61. The account in the Pipes case is dissimilar to the account in the instant case, in that the list of accounts on various

dates is not itemized, but is a list of many separate invoices. In the instant case, however, the list includes many items purchased, rather than several unitemized invoices. The objection raised in the Pipes case, that the several invoices mentioned should have been annexed to the declaration, is not therefore available here.

The account outlined in the case of Finck v. Brewer, 133 Miss. 9, 96 So. 402, is also dissimilar to the account in the instant case, for the reason the account does not attempt to itemize the merchandise sold, but simply lists figures under the words "Lot No.", "price", "dozens", "amount", and "total", whereas the account filed in the case at bar does itemiez the goods sold, for example: "Deluxe #220 Aero Flight M.O. SAE 40"; "Essentialube"; "NC Faucets"; and "Deluxe #600 Perma Temp. Pres. Gun".

We have examined the accounts set out in the other cases cited by appellee, and we are of the opinion they are unlike the account here exhibited.

An examination of the account attached to the declaration in the case now before the Court convinces us that it is similar to the account set out in Ellsworth v. Busby, 172 Miss. 399, 160 So. 575. The names of modern merchandise, such as "Aero Flight" may not sound as familiar to the members of the legal profession as "One I.B.M. select"; "new Royal Electric"; "A. L. R." or "C. J. S."; nevertheless, these items may be explained to the jury, since an objection to the items as such, goes to the weight and worth of the evidence and is not a bar to the action.

We are of the opinion that the account attached to the declaration meets the requirements of § 1469, Miss. Code 1942, Rec., and that the trial court erred in sustaining the objection of the defendant to the introduction of the account in evidence.

Appellant contends that since the account was sworn to by appellant and was not denied under oath by appellee, judgment should be in favor of appellant here. His argument is based on § 1754, Miss. Code 1942, Rec. This Code section provides that a person who sues on an open account may make and attach an affidavit of its correctness and that it is due, — and that unless defendant makes an affidavit with his plea that the account is not correct, and stating in what particulars it is not correct — the plaintiff shall be entitled to judgment.

■■ ■ Defendant filed no counter-affidavit, but can this Court grant a judgment in favor of appellant under the circumstances? We are of the opinion that we cannot do so for the following reasons: § 1754, supra, is a rule of evidence and not of pleading and practice. Its purpose is to dispense with the proof of the correctness of the account. Reinhardt v. Carter, Stewart & Company, 49 Miss. 315; Bower v. Henshaw, 53 Miss. 345; Western Cas. & Surety Company v. Fox-Everett, Inc., 223 Miss. 388, 78 So. 2d 363; Finck & Company v. Brewer, 133 Miss. 9, 96 So. 402; Parker v. Thornton, 206 Miss. 662, 40 So. 2d 538; Philley v. Toler, 231 Miss. 512, 95 So. 2d 783.

■■ ■ The trial in the circuit court never reached the point when the plaintiff could have requested a directed verdict. The trial court could have granted the right to amend the pleading, and the case might have conceivably reached the jury. Sanders & Alexander, Inc. v. Jones, 221 Miss. 240, 72 So. 2d 240. Moreover, defendant is not precluded from showing that he has no contractual liability for the alleged indebtedness. Sanders & Alexander, Inc. v. Jones, supra; Griffith v. Goodin, 202 Miss. 548, 32 So. 2d 743; Wolff v. Hopkins, 145 Miss. 827, 111 So. 290. Cf. Philley v. Toler, supra.

We are of the opinion that the account should have been admitted in evidence and the motion for a new

trial should have been sustained. The case will therefore be reversed and a new trial granted.

Reversed and remanded.

*Lee, P. J., and Kyle, Gillespie and Jones, JJ.,* concur.