464 So.2d 1162 (1985)
MOTIVE PARTS WAREHOUSE, INC.
v.
D & H AUTO PARTS COMPANY, INC.
No. 54650.
Supreme Court of Mississippi.
March 6, 1985.
*1163 Robert C. Dean, Miller, Dean & Cordell, Greenville, for appellant.
Philip Mansour, Jr., Mansour & Thomas, Greenville, for appellee.
Before ROY NOBLE LEE, P.J., and SULLIVAN and ANDERSON, JJ.
SULLIVAN, Justice, for the Court:
This is an open account suit by Motive Parts Warehouse, Inc. (MPW), an auto parts distributor, against D & H Auto Parts Co., Inc. (D & H), an auto parts store, for $8,900.19. D & H denied that the account was itemized and filed a counter-affidavit specifying numerous objections to specific items but not all of the items included in the open account.
At trial, D & H objected to the admission of any evidence in support of MPW's claim on the basis that the account was not itemized in accordance with Mississippi Code Annotated § 13-1-141 (1972), and Mississippi Code Annotated § 11-7-45 (1972). This objection was sustained and MPW then sought a voluntary dismissal, which the trial court refused. MPW then rested and the trial judge, on motion of D & H for dismissal, directed a verdict for D & H.
On appeal, MPW alleges that the trial court
1. Erred in sustaining D & H's objection to any further proof on the account on the basis that MPW's itemized account did not comply with the statutes; and
2. Abused its discretion in denying MPW's motion for voluntary dismissal.
MPW's amended complaint sought to recover payment for goods delivered to D & H between May 26, 1981, and November 10, 1981, for a total amount of $8,900.19, including a 1% service charge. D & H's answer included a counter-affidavit denying that the account was properly itemized in several respects. First, D & H points out that the account has an opening balance of $7,387.93 and that D & H did not owe MPW that amount, and that in any event that sum is not itemized. Second, D *1164 & H denied owing the service charges listed in the account from September, 1981, to August, 1982. Third, D & H objected to the item dated October 14, 1981, listed as factory fel-pro shipment for $2,365.18 on the ground that it never received such merchandise nor is the item itemized. Fourth, D & H lists five pages worth of tools and parts that it denies purchasing or receiving. The items to which D & H objects cover only a small portion of the 153 page sworn itemized account submitted by MPW.
At trial, MPW called James Beckum as an adverse witness and, after preliminary questions, counsel for MPW asked him to describe the business dealings he had with MPW. Defense counsel requested a recess in chambers where he objected to any proof on the account. First, D & H alleged that the amended complaint did not conform with the order granting leave to amend because the amended complaint sought to include charges through November 10, 1981, when the original complaint only alleged charges through July 24, 1981. Second, defense counsel objected that neither the opening balance of $7,387.93 nor the item listed as factory fel-pro shipment for $2,365.18 was itemized, so that defendant does not know what comprises those two items. D & H pointed out that MPW acknowledged that it had to start with a zero balance and come forward, and was given leave to amend, but did not do so. D & H contended that the account must begin with a zero balance, and that the two items alone amount to $9500, which was more than MPW requests in this suit.
MPW conceded that it began with an opening balance of $7,387.93, but pointed out that further down on the same page of the statement there was a payment by check for $7,387.93. MPW contended that taking the opening balance together with the payment put the account at a zero balance. MPW stated that the only reason for including the $7,387.93 opening balance was to get to a zero balance and show the period from which payment had not been made.
MPW contended that it was not suing for $7387.93 but only the charges accruing thereafter. Counsel for D & H contended that there was no way to show that the $7387.93 credit was in payment for the outstanding balance. D & H pointed out that the opening balance was added into the total figure, so that it was an unitemized charge that MPW was seeking to recover, in violation of the statute. MPW contended that if it did not begin with the outstanding balance then the account would show that MPW owed D & H money. The trial court acknowledged that the credit was the same amount as the opening balance, but declined to recognize that the credit applied to the opening balance and not to other items subsequently charged. Therefore, the trial court sustained D & H's objection.
MPW asked for a voluntary dismissal, to which D & H objected on the ground that MPW had been dilatory during the duration of the law suit. MPW pointed out that there was no prejudice to D & H from a non-suit, but there would be great prejudice to MPW, since they would lose entirely their claim. The trial court refused to allow a voluntary non-suit. MPW offered into evidence for the record his sworn itemized account. MPW objected to the defendant's counter-affidavit for failure to include the invoice numbers along with the remaining description and prices. The trial court overruled this objection. MPW rested and the trial court directed a verdict for the defendant.

I.

DID THE TRIAL COURT ERR IN SUSTAINING THE DEFENDANT'S OBJECTION TO ANY FURTHER PROOF ON THE ACCOUNT ON THE GROUND THAT THE SWORN ACCOUNT WAS NOT SUFFICIENTLY ITEMIZED?
Mississippi Code Annotated § 13-1-141 (1972) provides that a person desiring to file suit upon an open account in his favor may make an affidavit to the correctness of such account and that it is due from the *1165 party against whom it is charged. In any suit thereon such affidavit attached to the account shall entitle the plaintiff to judgment at trial, unless the defendant make affidavit and file with his plea that the account is not correct, particularizing wherein it is not correct, in which event the affidavit to the account shall entitle the plaintiff to judgment only for such part of the account as the defendant by his affidavit shall not deny to be due.
Mississippi Code Annotated § 11-7-45 (1972) provides that there shall be annexed to or filed with the declaration in every case founded upon an open account, a copy of the account or bill of particulars of the demand ... and evidence thereof shall not be given on the trial unless so annexed and filed; and the same shall constitute a part of the record of the cause.
The general rule is that in an action on an open account a copy of the account does not satisfy § 11-7-45 if it simply contains a statement of amounts due, without further itemization. The copy of the account must show the date of purchase, the kind of goods, the quantity, and the price in order to satisfy the statutory requirement. Philley v. Toler, 231 Miss. 512, 95 So.2d 783 (1957). This Court has found insufficient the copy of an account which merely stated $8,000 for money lent, Soria v. Planters' Bank, 4 Miss. 46 (1838); or $200 for professional services as private detective, Griffith v. Goodin, 202 Miss. 548, 32 So.2d 743 (1947); or $1,250, unitemized and $2,100, for initial material and labor, first, second and third charge for labor, and profit and overhead expense, Evans v. Central Service and Supply Co., 226 So.2d 616 (1969). The statutes provide a rule of evidence whose purpose is to dispense with proof of the correctness of the account. Unless the account is properly itemized the plaintiff is not relieved of the burden of proving the correctness of the account, and no affidavit denying its correctness is necessary. Ricks Lumber v. Natchez Steel and Pipe, Inc., 318 So.2d 883 (Miss. 1975); Pioneer Hydrotex Industries v. Barfield, 247 Miss. 845, 157 So.2d 489 (1963).
The trial court concluded that MPW's proffered account was inadequate under the statute because it began with an opening balance of $7,387.93, notwithstanding that a subsequent credit for that amount was shown on the account less than one month thereafter. The defendant also objected to the item listed as "factory fel-pro shipment" for $2,365.18, on the ground that it too was not itemized. The trial court concluded that since MPW's sworn account was insufficiently itemized as to these two amounts, evidence in support of MPW's open account could not be given at trial under § 11-7-45.
MPW takes the position that, given the nature of an open account, it was wholly proper to begin the proof of the account with the first amount following a balance that was subsequently paid in full. Otherwise, the plaintiff would have to go back and prove the entire history of the open account from the first entry, at which there was a zero balance, in order to show that the amount contended for has not been paid. MPW points out that to document the six-month period in which the charges were not paid required several hundred pages of itemized accounts, statements and invoices. To trace in like manner the entire history of the open account between MPW and D & H would require thousands of pages, unduly burden the plaintiff, and contradict the intent of the statutes in question to facilitate proof of correctness of an open account.
MPW relies upon Parker v. Thornton, 206 Miss. 662, 40 So.2d 538 (1949), in which defense counsel objected to the plaintiff's testimony in support of her account on the ground that the account was not properly itemized and asked for a directed verdict on that ground. The trial court sustained the objection and granted judgment for the defendant. This Court reversed on the ground that the plaintiff's testimony was proper in view of the fact that her affidavit was met by a counter-affidavit specifically demanding proof as to the purchase of *1166 each and every item appearing in the account. The Court said:
The statute establishes a rule of evidence within the purview of its purpose, but it does not change the rules of evidence otherwise. What further proof appellant would offer, in addition to that she had already made, without objection before being stopped by the court's announcement, the record, of course, does not disclose, since she was silenced by the court in the midst of her testimony. Before she had rested her case, judgment was rendered against her,  which cut off any further evidence by her or in her behalf.
Id. at 667, 40 So.2d 538.
MPW contends that, like Parker, the trial court cut off any further proof it might have offered in support of its account. MPW's affidavit and itemized account had been challenged in several particulars by D & H's counter-affidavit; MPW was therefore entitled under Parker to offer proof in support of its itemized account.
We construe § 11-7-45 in the same manner as done in Parker v. Thornton, to permit the plaintiff to put on further proof in support of his sworn account where there is some itemization but specific charges are controverted by the defendant's counter-affidavit. MPW should have been allowed to question the adverse witness to determine whether or not the $7387.93 payment sent June 22, 1981, was to satisfy the outstanding $7387.93 balance. MPW should also have been allowed to question the adverse witness regarding the meaning of the $2365.18 factory fel-pro shipment. The plaintiff in an open account suit should have the opportunity to prove that it did in fact begin with a zero balance, as strongly suggested by the identical odd figures for the opening balance and subsequent payment. Such a set of figures raises at least a rebuttable presumption that the payment was to satisfy the charge when the balance at that point became zero. It also has the advantage of allowing a trial on the merits for the remaining charges copiously documented by the plaintiff and only partially denied by the defendant. It obviates the necessity for bringing in all paper work associated with the entire history of the open account in question, most of which would either be barred by the statute of limitations or uncontradicted and therefore unnecessary. It was, therefore, error to exclude all proof based upon the reasoning that the $7387.93 opening balance was not sufficiently itemized, for the reason that the subsequent $7387.93 payment presented a rebuttable presumption that the outstanding balance had been satisfied for the account to be introduced into evidence and for the jury to pass upon the issue. Such a rule of law conforms with the practical nature of an open account as described in 1 Am.Jur.2d Accounts and Accounting, section 4, page 373:
Properly speaking, the term "open account" means only an account the balance on which has not been ascertained; an account based upon running or concurrent dealings between the parties which has not been closed, settled, or stated, and which is kept unclosed with the expectation of future transactions.
An "open running" account has been defined as one which is based upon a connected series of transactions, and which has no break or interruption. In its usual mercantile sense, an "account current" implies an account containing items of debit and credit between the parties, from which the balance due to the one or the other is or can be ascertained.
An open account results where the parties intend that the individual items of the account should not be considered independently, but as a connected series of transactions, and that the account shall be kept open and subject to a shifting balance as additional related entries of debits or credits are made, until it shall suit the convenience of either party to settle and close the account... .
In view of the nature of an open account, it would be unrealistic for a trial court to require proof of a literal zero balance in an *1167 open account such as this which has existed between the parties for a matter of years.
D & H's argument that this case is distinguished from Parker is specious. The distinction raised by D & H is that here the plaintiff rested before the trial court granted the directed verdict, while in Parker the plaintiff was cut off from producing any further evidence by the dismissal before the plaintiff had rested. This argument neglects the obvious. When the trial court sustained the objection of D & H to the testimony sought to be elicited from James Beckum, the trial court effectively left the plaintiff with no further remedy other than to rest and/or move for a voluntary dismissal, both of which the plaintiff did.
The result is the same. The plaintiff was not allowed to produce testimony to establish the zero balance and explain the itemization of the account.
For the reasons above set forth, this case must be reversed and remanded to the trial court, rendering it unnecessary for this Court to discuss the appellant's second assignment of error.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and ANDERSON, JJ., concur.