RODGERS, Justice:
The appellant filed a suit in the Circuit Court of Yalobusha County, Mississippi, against the appellees, Carothers & Caroth-ers Construction Company, and its official construction bondsman, Maryland Casualty Company. The suit was instituted to recover certain funds alleged to be due to appellant under terms of a contract but retained by the construction company, and also money due for additional work performed by appellant for appellee construction company.
The appellee, Carothers & Carothers Construction Company, had a contract to construct the South Panola High School in Yalobusha County, Mississippi, and in an effort to perform this contract the construction company entered into a subcontract with Reggie Dickey to perform the brick and masonry work in the construction of the various school buildings.
Appellant alleged in his declaration, and the appellees admitted, that the contract *814 (dated December 7, 1965) required that appellant, Reggie Dickey, would lay all bricks and blocks in the buildings; that the blocks were to be “laid and ready for paint”; that mortar and sand be raked away from the walls and piled in the middle of the room; that all masonry bits and scraps be put into piles; that blocks would not be used for scaffolding or scattered; that the bricks would be cleaned, brushed down and excessive mortar removed; that the masonry work would be done “in an expedient manner so as not to interfere with the general or other subcontractors.” It was agreed that the appellee, Carothers & Ca-rothers Construction Company would pay Reggie Dickey twenty-five cents (250) for each block laid and $60 per thousand for laying of bricks based upon weekly billings, less ten percent (10%) to be retained by Carothers & Carothers until the work had been accepted.
The appellant began work on the first building sometime during the early part of March 1966 and continued until September 19, 1966. The appellant alleged and offered testimony to show that he laid 128,530 cement blocks and 256,316 bricks, but that he had only billed Carothers & Carothers for 118,679 blocks and 237,854 bricks, leaving unbilled 9,851 blocks and 18,462 bricks for which the appellant had not been paid. The appellant filed a statement with his declaration setting up a total charge for work under the contract to be $43,933.74 and giving credit for $39,663.47 paid, alleging that $4,269.27 had been held by appel-lee, Carothers & Carothers, from the amount of work billed to it. The appellant also alleges that appellee owed him $2,-462.75 for blocks laid and $1,107.72 for bricks laid but which were not included in the number of blocks and bricks originally billed to the appellee, Carothers & Ca-rothers.
Appellant also contended that appellee, Carothers & Carothers, owes him for extra work done by him for appellee which was not included in the original contract.
This claim is outlined under various broad headings, as follows:
1. Handling, hauling and setting steel lintels $1,200.00
2. Waterproofing masonry 1,500.00
3. Repair to wind damage 60.00
4. Tearing out of blocks around door set in wrong place by Carothers 16.50
5. Replacement of blocks torn out by Carothers to anchor bleacher seats 16.50
6. Cleaning Building A 50.00
7. Extra work required to line up brick wall due to out of plumb windows 2,000.00
8. Extra work required to cut blocks to fit under steel columns set to too low by Carothers 1,500.00
9. Extra work required to pull duel wire to catch halfway on brick 200.00
The appellees denied that the appellant was entitled to recover for additional blocks and bricks alleged to have been laid but not billed to the appellee. They point out that their contract required payment on weekly billing. Moreover, it is said, the appellant on one occasion informed the superintendent that he was holding back 5,000 bricks not included in the bill submitted. Whereupon, Mr. Earl Carothers, the President of Carothers & Carothers Construction Company, advised Mr. Dickey that this could not be done and Mr. Dickey agreed thereafter not to hold out any bricks on the weekly count. There is other testimony indicating that the supplier of cement blocks did not sell the appellee more than 123,360 blocks, although the supplier had mistakenly given the appellant a note showing 128,530 blocks estimated to have been sold to the appellee, Carothers.
*815 The appellee, Carothers, denied that appellant was entitled to recover for money for additional work because their contract required the appellant to make claim for all extra cost in one week. This clause of the contract is in the following language :
“c) To make all claims for extras, for extensions of time and for damage for delays or otherwise, to the Contractor in the manner provided in the General Conditions of the Contract and Supplementary General Conditions for like claims by the Contractor upon the Owner, except that the time for making claims for extra cost is one week.”
The appellees denied the appellant’s claim to item one (1) because, it is said, hauling and setting steel lintels is considered a part of the job of laying the masonry. They offered evidence to sustain this contention.
They denied item two (2) because the charge is said to be unreasonable and is usually done by the masonry craft as a part of the job.
Appellees offered evidence to show that the appellant was paid for relaying the bricks after wind damage.
Appellees deny item five (5) because these blocks were laid at a time when the appellant contractor had to pass through the opening with wheelbarrows.
Appellees contend that items six (6), seven (7), and eight (8) were a part of the job contracted by appellee, Carothers, and that item nine (9) came about because the appellant did not put the wires in the proper place, so that he had to change them.
The appellees admitted that Carothers held back ten percent (10%) of the contract price in the sum of $4,269.27. Appel-lees denied, however, that Carothers should be required to pay appellant, Dickey, any sum whatever because of the cost to appel-lee, Carothers, growing out of faulty work done by the appellant, in the sum of $3,-454.73. It is admitted that Carothers should be credited with two tax levy payments ($749.45 and $219.05) made by the appellee, Carothers, for appellant in the total sum of $968.50. These two items, in the sum of $4,423.23 are set off by appel-lee, Carothers, against the money retained due to the appellant.
Appellee, Carothers, also filed a counter-suit against the appellant for damages alleged to have been caused by the delay of the appellant in performing his contract.
After both parties had rested their case, the trial court sustained a motion to dismiss the appellee, Carothers’, counterclaim for damages caused by delay.
The claim of the appellant and the set-off to this claim were submitted to the jury for its determination. The jury returned a verdict in favor of the appellees. The appellant has appealed to this Court and now contends that he is entitled to a judgment as a matter of law. We fail to find any motion or refused instruction in which the plaintiff requested the trial court to grant a judgment as a matter of law. Moreover, we are of the opinion that the issue in this case was a factual issue and' was properly submitted to the jury on the facts.
We cannot agree with appellant’s contention that he was entitled to a judgment on his sworn itemized account upon the ground that the appellees did not file a counter-affidavit particularizing wherein the itemized account was incorrect. In the first place, the alleged sworn itemized account is not itemized. It simply lists various subjects for which claim was made. These subjects are not broken into itemized claims showing when and how the total sum alleged to have been due- by defendant was determined. Philley v. Toler, 231 Miss. 512, 95 So.2d 783 (1957). Moreover, the appellees filed a counter- *816 affidavit denying the indebtedness, listing the denial of the sworn account in the same broad terms used by the affiant in the sworn account. We hold that this was a sufficient denial under the pleading in this case to satisfy the requirement of Section 1754, Mississippi Code 1942 Annotated (1956).
Appellant makes several specific allegations as to the weight of the evidence. For example: Appellant contends that since the President of Carothers & Caroth-ers Construction Company admitted on cross-examination that the appellant was not required by his contract to do waterproofing on the masonry work, he should have been given credit for this work in the sum of $1,500. It is argued that ap-pellees did not specifically deny this amount in a counter-affidavit, and that the appel-lees later admitted appellant should be “given credit” for $60 per thousand, thus admitting an indebtedness of $330. There are other similar allegations.
We are convinced, however, that the verdict of the jury was proper for two reasons: (1) The appellant did not comply with his contract to make claim for extra work each week. (2) If the appellant had properly filed his claim, the issue as to whether or not appellees owed the amount of the claim, and if they owed it, whether or not their claim against the subcontractor was sufficient in amount to off-set the claim of the subcontractor, was a jury question. The jury determined this issue on proper instructions by the court.
We find no reversible error in the record, and for that reason we hold that the judgment of the trial court should be affirmed.
Affirmed.
GILLESPIE, P. J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.